Abdula AMIN, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 84–12.

Supreme Court of Wyoming.

Aug. 28, 1984.

Leonard D. Munker, State Public Defender, Sylvia Lee Hackl, Appellate Counsel, and Martin J. McClain (argued), Asst. Appellate Counsel, Wyoming Public Defender Program, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and John W. Renneisen (argued), Sr. Asst. Atty. Gen., for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

CARDINE, Justice.

This appeal is from appellant Abdula Amin's conviction of first degree sexual assault pursuant to § 6–2–302(a)(ii), W.S. 1977 [1] for which he was sentenced to a term of not less than eight nor more than twenty years. We will affirm.

The question presented to us in this case is whether appellant was denied the right to confront a witness against him when the trial court refused to allow cross-examination concerning the witness's prior juvenile court record.

On July 20, 1983, the victim, age seventeen, arrived in downtown Cheyenne en route to his home in Sioux City, Iowa. As he was awaiting a bus scheduled to depart Cheyenne later that morning, appellant Amin approached and offered to sell him marijuana. The victim testified that after the two had smoked marijuana, he agreed to sell some of it for appellant. They then drove off in appellant's car on the pretense of obtaining a quarter pound of marijuana to be sold. The victim testified that he was driven to a deserted area and forced to submit to sexual penetration when the appellant threatened him with a gun.

During trial appellant's counsel was permitted extensive cross-examination on matters relating to the victim's possible bias and prejudice. When, however, counsel sought to cross-examine the victim concerning a prior juvenile adjudication and certain charges pending against him as a juvenile in Iowa, the State's objection was sustained. The trial court first found that, under Rule 609(d), W.R.E.,[2] the prior adju-

---

1. Section 6–2–302(a)(ii), W.S.1977, provides:

   "(a) Any actor who inflicts sexual intrusion on a victim commits a sexual assault in the first degree if:

       \*    \*    \*    \*    \*    \*

   "(ii) The actor causes submission of the victim by threat of death, serious bodily injury, extreme physical pain or kidnapping to be inflicted on anyone and the victim reasonably believes that the actor has the present ability to execute these threats."

2. Rule 609(d), W.R.E., provides:

   "Evidence of juvenile adjudications is generally not admissible under this rule. The court may, however, in a criminal case allow evidence of a juvenile adjudication of a witness (other than the accused) if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence."

dication would not be admissible to attack the credibility of an adult, and that such evidence was not necessary for a fair determination of the issue of guilt or innocence in the case. Second, with respect to the admissibility of the pending charges, the trial court found that, under Rule 608(b), W.R.E.[3], such evidence was not material or relevant to the proceedings at bar and, in addition, was unduly prejudicial. Appellant asserts that the trial judge's refusal to extend the scope of cross-examination to questions concerning the witness's juvenile record was error in light of *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).

The right of an accused to confront the witnesses against him is protected by the Sixth Amendment. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The right to effective cross-examination incorporated in the confrontation right is equally protected. *Douglas v. Alabama*, 380 U.S. 415, 85 S.Ct. 1074, 1079, 13 L.Ed.2d 934 (1965). It is also well settled that the extent to which a witness may be cross-examined is a matter to be determined by the trial court in the exercise of its sound discretion. *Alford v. United States*, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931); *United States v. Baker*, 494 F.2d 1262 (6th Cir.1974).

In *Davis v. Alaska*, supra, 94 S.Ct. at 1111, the prosecution's key witness, a juvenile, was on probation at the time of the crime and trial. The witness was anxious to protect his probationary status and was apprehensive about being a possible suspect himself. The Court held that the cross-examination permitted defense counsel was inadequate to properly develop the issue of bias; that the State's policy of protecting the confidentiality of the juve-

nile offender's record must, in these circumstances, give way to the constitutional right to effective cross-examination; and that limitations upon cross-examination which prevent a defendant from placing before the jury facts from which bias, prejudice, or lack of credibility of the prosecution witness might be inferred constitutes denial of the right to confrontation.

The *Davis* case does not confer a general right of cross-examination concerning a prior juvenile record, but is limited by its own facts. Thus, when Rule 609(d), W.R.E., was adopted, the Wyoming committee noted:

"* * * The claim in *Davis* * * * was narrower than a general claim of a right to impeach credibility by prior conviction. The juvenile conviction was introduced to show bias or prejudice in that the witness was then on probation and was acting out of fear or concern of a possible jeopardy to his probation. The committee believes that the rule [609(d), W.R.E.] conforms to the narrower view of the Davis holding."

Prior to the adoption of the Wyoming Rules of Evidence, this court had established a policy of permitting the use of a prior juvenile record in proper circumstances to demonstrate bias or prejudice in accordance with the view of Davis in holding that:

"* * * in certain factual situations it is permissible to inquire into the juvenile record of a witness in face of the statute making these records confidential. However, the scope of this inquiry must be limited to facts tending to disclose interest, bias or prejudice and not impeachment by contradictory testimony, *Salaz v. State*, [Wyo., 561 P.2d 238 (1977)] at

---

**3.** Rule 608(b), W.R.E., provides:

"Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truth-

fulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

"The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of his privilege against self-incrimination when examined with respect to matters which relate only to credibility."

241." *Hernandez v. State*, Wyo., 587 P.2d 1094, 1097 (1978). See also, *Connor v. State*, Wyo., 537 P.2d 715 (1975). That policy was reaffirmed with the adoption of Rule 609(d), W.R.E., supra.

■ Three critical factors which should be considered in determining whether to permit use of a prior juvenile record for the purpose of showing bias are:

"(1) the probationary status of the witness, (2) some suspicion focusing on the witness, and (3) the witness's motives to please the prosecution." *Commonwealth v. Santos*, 376 Mass. 920, 384 N.E.2d 1202, 1205 (1978).

When, in addition to the above factors, the witness is either the chief prosecution witness, the only eye-witness to the crime, or the only witness whose testimony connects the defendant with the crime, courts generally ought to allow cross-examination concerning the juvenile record and its introduction into evidence. *McKinzy v. Wainwright*, 719 F.2d 1525 (11th Cir.1983); *People v. Bowman*, Colo., 669 P.2d 1369 (1983); *Burr v. Sullivan*, 618 F.2d 583 (9th Cir. 1980).

The trial court must know all of the facts concerning the witness's present or past conflicts with the law before ruling on the scope of cross-examination, and where such is unknown, a remand to the

" * * * district court for a full evidentiary hearing to evaluate the relationship between this juvenile witness and the state authorities * * * [is required because]

" * * * the facts learned on remand may show that the requested cross-examination would not have been relevant to suggest bias to the jury. If so, then the questions were properly prohibited. As *Davis* suggests, the sixth amendment does not unseat state confidentiality laws absent a showing of relevancy." *McKinzy v. Wainwright*, supra, 719 F.2d 1530.

Here, the facts concerning the victim's prior juvenile conviction and the charges pending against him were before the court.

The three critical factors, however, which generally lead to allowing evidence of the juvenile record to be introduced were not present. The witness was not on probation at the time the crime occurred or at the time of trial. He was not an accomplice or a possible suspect of the crime for which appellant was on trial. Although he was the victim, he was not the State's only witness.

■ Outside the presence of the jury, appellant's counsel questioned the witness regarding his prior juvenile conviction in Iowa of operating a motor vehicle without the owner's consent and the pending charges. The juvenile conviction was a completed incident. The witness had been off of probation for over two years. There was nothing pending from that conviction. The witness could gain nothing by his testimony with respect to the same.

■ The charge pending against the victim in juvenile court in Iowa was unknown to the State of Wyoming. The prosecutor had never been in contact with the Iowa authorities where that charge was pending, and there was not a scintilla of evidence that the witness might benefit in any way with respect to that charge.

He testified as follows concerning that matter:

"Q. Has anyone told you that you would receive any leniency on [that charge] if you came here to testify?

"A. No."

Although evidence of the prior juvenile proceedings was excluded, the court allowed extensive cross-examination concerning the witness's possession and use of marijuana and his knowledge concerning immunity from prosecution upon drug charges for possession of the marijuana used by the witness. Appellant's counsel was permitted also upon cross-examination to suggest that the witness intended to "rip off the appellant," steal the marijuana, and transport it across state lines. The fact that the witness may not have been credible because of a self interest, immunity from prosecution, or was unreliable be-

cause of drug use was fully explored and developed.

*Salaz v. State*, Wyo., 561 P.2d 238 (1977), is similar to the case at bar. It was distinguished from Davis in that the witness was not on probation or on parole. She was not subject to loss of freedom or other punishment due to the previous juvenile adjudication in California and she was not concerned about being prosecuted in connection with the crime for which Salaz was on trial. We found:

> "Direct and cross-examination clearly established [the witness's] possible bias and prejudice against appellant and generally demonstrated her unsavory character. Voluminous evidence was presented to the jurors from which they may have concluded that the witness * * * was biased and prejudiced against the defendant. The introduction of [the witness's] prior juvenile record in California could have contributed little or nothing to the evidence produced at Salaz' trial as to her bad character and at best was cumulative. The proceedings in California would show nothing affecting [the witness's] prejudice or bias. Accordingly, Salaz was not denied his Sixth Amendment right to confront a witness." *Salaz v. State*, supra at 241.

The trial judge in this case, in excluding the evidence of the juvenile conviction and the pending juvenile charge, found that there was

> " * * * no showing * * * that any of these acts would form the basis for making a determination as to the ability of this witness and character of this witness to testify truthfully * * *.
> "Thus, * * * the jury would be receiving [evidence] that would [be] unduly prejudicial, and in addition, not material or relevant to this proceeding."

Under the circumstances, the trial court did not abuse its discretion in limiting the scope of cross-examination by excluding evidence of juvenile court proceedings. Other relevant evidence relating to the witness's credibility and possible bias or prejudice was explored on cross-examination in great detail and emphasized again in closing argument. While recognizing the validity of the Davis exception providing for admissibility of relevant evidence of prior juvenile crimes, we find that, for the reasons stated, it does not apply in this case. Appellant's conviction, therefore, is

Affirmed.