**Douglas SIDWELL, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 97–11.**

Supreme Court of Wyoming.

Aug. 19, 1998.

Sylvia L. Hackl, State Public Defender; Donna Domonkos, Appellate Counsel; Stephen Singer, Director, Wyoming Defender Aid Program; and Scott Michael Powers, Taylor Reed, Dyan Davidson and Luke Tremain, Student Interns, for Appellant(Defendant).

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General, for Appellee(Plaintiff).

Before LEHMAN, C.J., and THOMAS, GOLDEN and TAYLOR,* JJ., and GRANT, District Judge.

TAYLOR, Justice.

Appellant's orchestrated efforts to lure two teenaged friends of his son far from home for a sexual encounter struck a sour note when the boys realized their predicament and fled into the custody of authorities. Convicted on two counts of taking indecent liberties with minors, appellant appeals alleging several procedural irregularities. Finding none, we affirm.

## I. ISSUES

Appellant, Douglas Sidwell (Sidwell), presents three issues on appeal:

1. Did the trial court deprive the appellant of his right to confront the witnesses against him when it refused his request for another preliminary hearing even though critical portions of the preliminary hearing that was held were never recorded?

2. Did the trial court deprive the appellant of a fair trial when it denied the appellant's challenges for cause of venire persons who admitted they were

---

* Chief Justice at time of oral argument.

strongly biased against the appellant's homosexual lifestyle?

3. Did the trial court deprive the appellant of his right to confront the witnesses against him when it denied him the opportunity to impeach a key prosecution witness?

As appellee, the State answers each of the questions posed by Sidwell in the negative.

## II. FACTS

The forty-eight-year-old Sidwell invited two young men, sixteen and seventeen years of age at the time, on a trip from Evansville, Wyoming to Thermopolis, Wyoming, ostensibly for an overnight visit and swim. In anticipation of the trip, Sidwell provisioned his vehicle with a cooler full of beer and liquor, some xxx-rated video tapes, and a VCR. Upon their arrival in Thermopolis, Sidwell, his twenty-two-year-old male companion and the two boys [1] took occupancy of a motel room. During the night, Sidwell and his male companion showed pornographic movies and made alcohol available to the juveniles. Sidwell attempted to fondle both juveniles. Failing that effort, Sidwell and his male companion engaged in mutual oral sex without concern for the presence of the juvenile boys. Next morning, the two juveniles were left alone long enough to make good their escape. With the recruiting trip in shambles, Sidwell and his male companion were arrested in the Wind River Canyon as they fled homeward.

Charged with two counts of taking immoral or indecent liberties with a minor in violation of Wyo. Stat. § 14-3-105 (Rpl. July 1994), Sidwell was given a preliminary hearing on April 10, 1995. The preliminary hearing ran long and was continued to May 16, 1995. In the interim, Sidwell discovered that the machine recording his April 10th hearing had malfunctioned. Aware of the problem in early May, Sidwell's counsel waited until October 9, 1995, two weeks before trial was scheduled to begin, to move for a second preliminary hearing in order to rectify the recording problem. That motion was denied.

Jury selection consumed the entire day of February 27, 1996. Voir dire was marked by frank discussions concerning the panel's views on homosexuality, pornography, children as victims, and the use of alcoholic beverages. In the course of the jury selection, the district court gave its imprimatur to three prosecution challenges for cause and four such challenges made on behalf of Sidwell. Three panel members expressed disdain for homosexuality, founded upon religious beliefs. When each agreed to put aside personal views to consider the evidence, the district court refused Sidwell's challenges for cause. After Sidwell passed on the panel for cause, a jury was seated including none of those who had voiced objections to homosexuality.

Trial began the next day, and the jury returned guilty verdicts on both counts late in the afternoon of February 29, 1996. Free on bond, Sidwell was again incarcerated when a hearing revealed his contact with a third troubled youth and efforts to have one of his victims recant his trial testimony. With credit for the time thus served, Sidwell was sentenced to concurrent terms of not less than forty-two months nor more than eighty-four months. This appeal timely followed.

## III. STANDARD OF REVIEW

In his first issue, Sidwell scores the district court's refusal to remand for a second, *fully recorded,* preliminary hearing. He also claims the district court erred in refusing to allow cross-examination of one victim concerning prior legal difficulties. Both issues implicate constitutional rights to confrontation and cross-examination. As such, they present questions of law which require *de novo* assessment on appeal. *United States v. McCarty,* 82 F.3d 943, 949 (10th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 257, 136 L.Ed.2d 183 (1996). If, however, we find that the right to confrontation has not been abridged, the nature and extent of cross-examination is committed to the sound dis-

---

1. Prior to trial, the district court granted Sidwell's motion in limine, preventing the prosecution from referring to the victims as "boys." The district court's caution against inflaming the jury

with potentially charged terms is to be commended. With the facts no longer in doubt, however, we need have no such compunction about making a fully accurate report.

cretion of the trial court, and will not be disturbed absent a demonstrated abuse of that discretion. *Id.; Amin v. State*, 686 P.2d 593, 595 (Wyo.1984).

■ Sidwell also asserts that his challenges to the three homophobic jury panel members were improperly denied by the district court. Such claims, too, are usually amenable to the "abuse of discretion" standard. *Summers v. State*, 725 P.2d 1033, 1041 (Wyo.1986), *aff'd*, 731 P.2d 558 (Wyo.1987). However, they are not the proper subject of appellate review unless the appellant has exhausted his peremptory challenges and refused to accept the panel. *Lee v. State*, 743 P.2d 296, 298 (Wyo.1987). The appellant in this case passed the jury panel for cause. As a consequence, he is foreclosed from pursuit of that issue on appeal. *Munoz v. State*, 849 P.2d 1299, 1302 (Wyo.1993).

## IV. DISCUSSION

■ Sidwell claims he was hamstrung in his efforts to confront and cross-examine his youthful accusers. The right to confrontation is enshrined in the Sixth Amendment to the United States Constitution and Wyo. Const. art. 1, § 10. *Grable v. State*, 649 P.2d 663, 673 (Wyo.1982).

Sidwell alleges that the incomplete record of his preliminary hearing, combined with the district court's refusal to remand for a new preliminary hearing, abridged his constitutional right to confront and cross-examine the accuser whose preliminary testimony was lost. This argument misperceives the guarantee of confrontation. "Generally speaking, the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not crossexamination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 294, 88 L.Ed.2d 15 (1985).

Sidwell does not contend that he was denied the **unfettered opportunity** to crossexamine his accuser, either at the preliminary hearing or, more importantly, before the jury. He does not claim that his right to physically face and cross-examine his accuser was less than fully vindicated. *Pennsylvania*

*v. Ritchie*, 480 U.S. 39, 51, 107 S.Ct. 989, 998, 94 L.Ed.2d 40 (1987). Rather, Sidwell claims the absence of a record deprived him of opportunities to impeach his accuser's statements to the jury with disparate statements made during the preliminary hearing.

Ironically, every impeachment opportunity identified by Sidwell involves preliminary hearing testimony which paints a much less flattering portrait of him than that sketched at trial. Had he a perfect record, Sidwell still would have faced a true "Hobson's choice," as Justice Brown instructed us on the term. *See Schmidt v. State*, 738 P.2d 1105, 1106 n. 1 (Wyo.1987). Rare and suspect would be the defender willing to expose a jury to such damning preliminary hearing testimony in order to question the relatively tepid version of events given at trial.

Our decision is not, however, fact driven. Assuming a full record would, indeed, have aided Sidwell, we nonetheless affirm the district court's denial of remand. Sidwell's **unfettered opportunity** for cross-examination fully vindicated his constitutional rights to confrontation and cross-examination. *Tapia v. Tansy*, 926 F.2d 1554, 1557–58 (10th Cir.), *cert. denied*, 502 U.S. 835, 112 S.Ct. 115, 116 L.Ed.2d 84 (1991). So long as those rights are jealously safeguarded, a trial court is vested with and may properly exercise wide latitude in controlling cross-examination. *McCarty*, 82 F.3d at 950; *Nimmo v. State*, 603 P.2d 386, 392 (Wyo.1979).

■ Barring the constitutional argument, Sidwell persists in attacking the district court's refusal to remand as violative of the entitlement afforded by W.R.Cr.P. 5.1(d):

> *Record of proceedings.*—On timely application to the court, counsel for the parties shall be given an opportunity to have the recording of the [preliminary] hearing made available for their information in connection with any further proceedings or in connection with their preparation for trial.

In the face of the foregoing rule, we are asked if the district court's refusal to order a second preliminary hearing "exceeds the bounds of measured reason in light of those matters properly before that court[,]" and, as

such, constitutes an abuse of discretion. *Curl v. State*, 898 P.2d 369, 373 (Wyo.1995).

The motion for remand was made in the face of an impending trial date. No rationale is offered for the five month delay between discovery of the poor recording and the resultant motion for remand.

■ Timeliness can be of the essence in criminal proceedings. For example, waiting until shortly before trial to issue discovery demands is, per se, unreasonable. *Dorador v. State*, 573 P.2d 839, 841 (Wyo.1978). It should be no surprise that a similar rule applies in this case. In construing W.R.Cr.P. 5.1(d), we hold "timely" to mean proximally to Sidwell's arraignment unless good cause is shown why counsel could not and did not discover and challenge the defect in the early days of trial preparation. *Trujillo v. State*, 880 P.2d 575, 582 (Wyo.1994). Here, Sidwell waited five months, until just before trial was set, to complain of the defect. Such a belated application cannot be considered "timely" as that term is used in W.R.Cr.P. 5.1(d). There was no abuse of discretion in the district court's rejection of the untimely remand motion.

Finally, Sidwell complains that his opportunity to confront and cross-examine his *other*[2] accuser was fettered in the course of the following exchange at trial:

> [DEFENSE COUNSEL]: And at the time you came up here you were on probation—
>
> [PROSECUTOR]: Your Honor, I'm going to object. I think this is an improper line of questioning at this point.
>
> THE COURT: Counsel, where are we going with this?
>
> [DEFENSE COUNSEL]: I was just following up.
>
> THE COURT: I believe it is, objection sustained.

In reliance upon *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), Sidwell claims that the foregoing amounts to reversible error. In *Davis*, the appellant was convicted of burglary on the testimony of a juvenile. Based upon a state statute sealing juvenile records, the trial court refused to allow inquiry of the juvenile concerning his probation. Davis won a new trial when the United States Supreme Court held that the trial court's curtailment of the juvenile's cross-examination was constitutional error of the first magnitude. *Id.* at 318, 94 S.Ct. 1105.

Determination of whether the instant case comes within the ambit of *Davis* is hampered by a record which offers only that which is quoted above. Unlike *Davis*, nothing in this record tells us whether Sidwell's second accuser was on probation, let alone what circumstances, if any, might have led to such a status. That information is indispensable because W.R.E. 609(d) only permits admission of a juvenile adjudication when "conviction of the offense would be admissible to attac[k] the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence."

■ *Davis* has already been glossed under a long standing rule regarding preservation of such questions on appeal. *Connor v. State*, 537 P.2d 715, 718 (Wyo.1975) (*citing State v. Ditzel*, 77 Wyo. 233, 243–44, 314 P.2d 832, 832 (1957)). One claiming improper exclusion of evidence must come to the appellate court armed with a record which is fleshed out, at the sticking point, with an offer of proof. The only exception occurs when the record otherwise *clearly* discloses the nature of the expected testimony. *Connor*, 537 P.2d at 718. Here, we have neither. Questions of the right to confrontation will not be freighted by a record which deprives a reviewing court of any information from which compliance *vel non* with W.R.E. 609(d) might be determined.

■ This record does reveal an *unfettered opportunity* for cross-examination which apprised the jury that the second accuser had, four times, run away from home; been placed in a group home on account of his flight tendencies; was an underage drinker;

---

**2.** The missing preliminary hearing testimony was from one of Sidwell's accusers, while this argument pertains to cross-examination of the other.

was familiar with xxx-rated videos; and, most telling, never wanted to press charges against Sidwell, let alone testify at trial. Penetrating cross-examination or not, however, we hold that the absence of an offer of proof compounded by a record which otherwise fails to disclose the nature of the expected testimony failed to adequately preserve Sidwell's final issue for appellate consideration.

## V. CONCLUSION

Sidwell's cross-examination of his accusers proceeded without encumbrance. Nothing in the record suggests that his opportunity to confront and cross-examine his two accusers was in any way fettered or restricted. The district court is affirmed in all respects.