2004 WY 137

Craig A. JOHNSON, Appellant
(Plaintiff/Counterclaim
Defendant),

v.

Jack SIKORSKI, Appellee
(Defendant/Counterclaim
Plaintiff).

Paul Befumo, Appellant (Defendant),

v.

Craig A. Johnson, Appellee (Plaintiff).

Nos. 04-27, 04-28.

Supreme Court of Wyoming.

Nov. 10, 2004.

---

Representing Appellant/Appellee Johnson: Mitchell E. Osborn, Cheyenne, Wyoming.

Representing Appellee Sikorski: Peter K. Michael of Peter K. Michael, P.C., Cheyenne, Wyoming.

Representing Appellant Befumo: Paul Befumo, pro se.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and YOUNG, D.J.

KITE, Justice.

[¶ 1] Craig Johnson was a beneficiary under a trust created by his father. First Estate Management Corp. (FEMCO) was the trustee. FEMCO hired Jack Sikorski to operate the trust businesses. Mr. Johnson and Mr. Sikorski had difficulties, resulting in an altercation for which Mr. Johnson was convicted of breach of the peace. Thereafter, FEMCO's vice-president, Paul Befumo, created a new trust (RW & NW Trust), named himself as the trustee, and transferred the trust property to the new trust.

[¶ 2] Mr. Johnson, along with his sister and co-beneficiary, filed suit against FEMCO, Mr. Befumo and Mr. Sikorski, alleging breach of fiduciary duty. Mr. Sikorski filed a counter-claim against Mr. Johnson for harassment and assault. The district court bifurcated the case, setting separate trials on the claims for breach of fiduciary duty and assault.

[¶ 3] During the trial on Mr. Johnson's claims, the district court dismissed Mr. Sikorski after the plaintiffs' case and, at the close of trial, found against Mr. Befumo, and

removed FEMCO and Mr. Befumo as trustees. Prior to trial on the assault counterclaim, the district court entered an order precluding Mr. Johnson from calling any witnesses because he failed to properly designate them. At the close of the trial, the district court found for Mr. Sikorski and awarded $25,000 in damages. Mr. Johnson appeals from the judgment entered against him on Mr. Sikorski's counter-claim, asserting error in the district court's order precluding him from calling witnesses. Mr. Befumo, appearing *pro se,* appeals from the judgment entered against him on Mr. Johnson's claims, asserting error in the district court's order allowing an amendment to the pleadings and its application of *Rock Springs Land and Timber, Inc. v. Lore,* 2003 WY 100, 75 P.3d 614 (Wyo.2003). We affirm.

## ISSUES

[¶ 4] In case No. 04–27, Mr. Johnson raises the following issue:

> Did the trial court abuse its discretion by granting the motion in limine of appellee/counterclaim plaintiff which prevented appellant/counterclaim defendant from making an opening statement, testifying, or presenting any evidence or otherwise defending against the counterclaim because he did not redesignate himself as a witness in the bifurcated trial upon the counterclaim?

Mr. Sikorski states the issues as follows:

1. Whether the district court abused its discretion by prohibiting a counterclaim defendant from calling witnesses whose testimony was not designated as required by the court's pretrial order.

2. Whether [Mr. Johnson's] claim of error based on the exclusion of evidence is barred by his failure to make an offer of proof in the district court.

[¶ 5] In case No. 04–28, Mr. Befumo presents the following issues:

1. Did the trial court err in allowing [Mr. Johnson] to change [his] theory of relief at the beginning of trial, and to present evidence on facts and issues not pled in the complaint?

2. Did the trial court abuse its discretion in allowing an amendment of the pleadings at the close of [Mr. Johnson's] case where there was no excuse for the delay, and where the [defense] was prejudiced by the amendment?

3. Was the district court's reliance on *Rock Springs Land and Timber Inc. v. Lore* [2003 WY 100, 75 P.3d 614 (Wyo. 2003) ] misplaced?

## FACTS

[¶ 6] In 1997, Nona and Robert Wilkoske created the Nona N. Wilkoske and Robert C. Wilkoske Revocable Trusts (the trusts). Mr. Wilkoske named his two children, Mr. Johnson and Beverly Tourville, as beneficiaries of his trust. The trust property consisted primarily of a business known as A–1 Auto Salvage, an abandoned missile site and various items of personal property. Mrs. Wilkoske named her daughter, Vicki Rhodes, beneficiary of her trust. When the original trustee resigned in 1999, the trust beneficiaries named FEMCO successor trustee. Mr. Befumo, FEMCO's vice-president, employed Mr. Sikorski to re-open and run the salvage business.

[¶ 7] Shortly after FEMCO took over as trustee, Mr. Johnson and Ms. Tourville became concerned that Mr. Befumo and Mr. Sikorski were mismanaging the trust property. They filed a complaint against FEMCO, Mr. Befumo and Mr. Sikorski, alleging they breached their fiduciary obligations by operating and selling trust assets without the consent of and against the wishes of the beneficiaries, failing to properly inventory and account for trust assets and income and utilizing trust assets for their own personal gain. Mr. Johnson and Ms. Tourville sought an accounting of trust assets and income.

[¶ 8] Mr. Sikorski denied the claims and filed a counter-claim against Mr. Johnson, alleging that Mr. Johnson attacked and threatened to kill him. Specifically, he alleged Mr. Johnson placed a large sharpened steel hook around his neck and attempted to drag him out of the open window of the truck he was driving. He further alleged Mr. Johnson made repeated threats upon his life, broke into his residence and generally creat-

ed an atmosphere of fear and violence. Mr. Sikorski brought claims for intentional infliction of emotional distress, defamation, trespass, and intentional interference with a contractual relationship. He sought damages in excess of $1,000,000.

[¶ 9] The district court bifurcated the claims, setting Mr. Johnson's claim for breach of fiduciary duty for trial first, followed by trial on the counter-claim. Both cases were scheduled for trial to the court.

[¶ 10] At the close of Mr. Johnson's case during the first phase of the trial, the district court granted judgment as a matter of law for Mr. Sikorski on the breach of fiduciary duty claim. The claims against FEMCO and Mr. Befumo proceeded to trial. Following the trial, the district court entered an order declaring that the conveyances from the original trust to the new trust were null and void and FEMCO acted ultra vires in making the conveyances. The district court ordered that FEMCO and Mr. Befumo be relieved from duties concerning the Robert Wilkoske trust and a new trustee be appointed.[1]

[¶ 11] Prior to the second phase of the trial on the counter-claim, Mr. Sikorski moved to preclude Mr. Johnson from calling any witnesses, contending that he failed to designate any witnesses as required by the district court's case management order. The district court granted the motion, thus precluding Mr. Johnson from presenting an opening statement, testifying or calling other witnesses. At the close of the trial, the district court entered judgment for Mr. Sikorski and awarded $12,500.00 in compensatory damages and an additional $12,500.00 in punitive damages.

## STANDARD OF REVIEW

[¶ 12] The decision to allow amendment to pleadings is vested within the sound discretion of the district court and is, therefore, subject to reversal only for an abuse of discretion. *Ekberg v. Sharp*, 2003

WY 123, ¶ 9, 76 P.3d 1250, ¶ 9 (Wyo.2003). A decision involving whether to require adherence to pretrial orders is also a matter left to the district court's discretion. *Casteel v. News–Record, Inc.*, 875 P.2d 21, 23 (Wyo. 1994). Thus, we have said a trial court has discretion to waive the requirements contained in its pretrial order and we will not overturn such a ruling absent an abuse of discretion. *Contreras v. Carbon County School District # 1*, 843 P.2d 589, 592 (Wyo. 1992). However, we have also recognized that adherence to scheduling orders is critical in maintaining the integrity of judicial proceedings and so the trial court has extensive authority to enforce such pretrial orders. *Carroll v. Bergen*, 2002 WY 166, ¶ 20, 57 P.3d 1209, ¶ 20 (Wyo.2002).

## DISCUSSION

### 1. Amendment to the Pleadings

[¶ 13] Mr. Befumo asserts the district court permitted a "trial by ambush" because it allowed Mr. Johnson to change his theory at the beginning of trial, present evidence on an issue not pled in the complaint and then amend his pleadings at the close of his case. Until the day of trial, he argues, Mr. Johnson's theory was that Mr. Befumo, FEMCO and Mr. Sikorski breached their fiduciary duty to the trust beneficiaries by failing to distribute assets, engaging in self-dealing and failing to provide accountings. Then, on the morning of trial, Mr. Johnson suggested for the first time that Mr. Befumo acted beyond his authority in transferring trust assets from the Wilkoske trusts to a new trust (the RW & NW trust) and that all subsequent acts as RW & NW trust were ultra vires. Citing *Ayre v. Hixson*, 53 Or. 19, 98 P. 515 (1908), Mr. Befumo contends he was entitled to adequate notice of and an opportunity to defend against what he characterizes as a substantive change in the plaintiffs' theory.

---

1. A portion of the trial transcript attached to Mr. Johnson's brief reflects that the district court orally awarded judgment against Mr. Befumo in the amount of $17,500. However, the written judgment entered by the district court does not reflect that award. By letter dated after the trial and before the written judgment, the district court informed the parties it was reconsidering the decision awarding damages against Mr. Befumo and that portion of the order would be held in abeyance.

[¶ 14]   Mr. Johnson asserts there was no error because W.R.C.P. 15 allows a party to move to amend pleadings to conform to the evidence at any time and gives the trial court broad discretion to allow such amendments when the merits of the action will be promoted thereby and the objecting party fails to show prejudice will result.   Mr. Johnson contends Mr. Befumo failed to show prejudice, and impliedly consented to the amendment by failing to request a continuance.

[¶ 15]   Wyoming Rule of Civil Procedure 15(b) provides in pertinent part as follows:

> (b) *Amendments to conform to the evidence.*—When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.   Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.   If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits.   The court may grant a continuance to enable the objecting party to meet such evidence.

Pursuant to the language of the rule, in order for this Court to address the issue raised by Mr. Befumo, we must consider whether a new issue was tried by express or implied consent of the parties, whether a motion was made to conform the evidence to the pleadings and, if so, by whom, whether an objection was made at the trial and if any showing of prejudice was made, and whether Mr. Befumo moved for or the district court offered to grant a continuance to enable him to meet the evidence.   From the record before us, we are unable to determine the answers to any of these questions because Mr. Befumo did not designate the transcript upon which he relies as part of the record on appeal.

[¶ 16]   Pursuant to W.R.A.P. 3.05(b), Mr. Befumo was required to file a designation "of all parts of the record . . . to which appellant intends to direct the particular attention of the appellate court in its brief".[2]   Although Mr. Befumo quotes portions of the trial transcript in his appellate brief, he did not designate the transcript as part of the record on appeal.   As the appellant, Mr. Befumo had the burden of providing this Court with a complete record on which to base a decision.   *Orcutt v. Shober Inv., Inc.,* 2003 WY 60, ¶ 9, 69 P.3d 386, ¶ 9 (Wyo.2003).   Having no other means to review the district court's decision, we must assume the decision was in accord with the law.   *Id.*

## 2.   *Pretrial order*

[¶ 17]   Mr. Johnson contends the district court denied him the opportunity to present a defense to Mr. Sikorski's counterclaim by its order preventing him from calling any witnesses.   Mr. Sikorski argues in response that the district court's decision was discretionary, Mr. Johnson failed to comply with the scheduling order and, pursuant to W.R.C.P. 37(b)(2)(B), the district court was warranted in ruling as it did.   Under the particular facts of this case, we agree with Mr. Sikorski.

[¶ 18]   In the course of these proceedings, the district court entered an order setting witness designation dates, stating as follows:

> The plaintiffs shall designate all witnesses to be called at trial by no later than *July 10, 2003.*   The defendants shall designate their witnesses by no later than *August 15, 2003.*

---

**2.**   3.05. Designation, transmission and retention of record.

   . . .

   (b) Appellant shall, contemporaneously with the filing of its brief in the appellate court and service of that brief upon appellee, serve on appellee, file with the clerk of the trial court a designation for transmission to the appellate court of all parts of the record, without unnecessary duplication, to which appellant intends to direct the particular attention of the appellate court in its brief.

The designation shall indicate a detailed summary of the testimony. . . .

The failure to conform to these requirements may result in an order precluding the witness from testifying.

That same day, the district court also entered an order bifurcating the counter-claim, which similarly stated:

As to the counter-claim, Mr. Sikorski will designate his witnesses by no later than *July 10, 2003,* and those defending the counter-claim shall designate by no later than *August 15, 2003.*

Pursuant to the second order bifurcating the counter-claim, Mr. Sikorski timely filed designations of witnesses containing detailed summaries of their expected testimony. Mr. Johnson likewise filed a designation listing the witnesses he planned to call in the first phase of the trial and summarizing their testimony.[3] None of the witnesses Mr. Johnson listed, including Mr. Johnson himself, were designated to testify concerning the allegations made in Mr. Sikorski's counter-claim.

[¶ 19] On August 13 and 15, 2003, Mr. Befumo filed designations of witness testimony as required by the first order. Mr. Sikorski also filed a designation of witness testimony in compliance with the order. When Mr. Johnson did not file a designation of witness testimony by August 15, 2003, in compliance with the second order bifurcating the counter-claim, Mr. Sikorski filed his motion seeking to prohibit Mr. Johnson from calling any witnesses in the trial on the counter-claim. The district court heard argument on the motion prior to trial. As he did before this Court, Mr. Sikorski argued to the district court that Mr. Johnson should be precluded from calling any witnesses to testify in the second phase of the trial because he did not designate any witnesses to testify concerning the allegations in the counter-claim. Counsel for Mr. Johnson responded by reading his designation of his testimony, which did not reference even indirectly the counter-claim. Counsel for Mr. Johnson made no effort whatsoever to apprise the district court as to what Mr. Johnson's testimony would be concerning the assault. The

district court summarily granted the motion in limine, stating: "You will not be allowed to call any witnesses, nor to give an opening statement, since you don't have any witnesses."

[¶ 20] W.R.C.P. 16(b) allows the district court to enter a scheduling order addressing "any . . . matters appropriate in the circumstances of the case." W.R.C.P. 16(f) provides in relevant part:

If a party or a party's attorney fails to obey a scheduling . . . order, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C) and (D).

W.R.C.P. 37 provides in relevant part:

[I]f a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

. . .

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defense, or prohibiting the disobedient party from introducing designated matters in evidence.

We have said, "where the authority to perform a proposed action rests within the discretion of the court we must allow considerable latitude in which [it] may exercise its discretion." *Winterholler v. Zolessi,* 989 P.2d 621, 627 (Wyo.1999). This does not mean, however, that courts have "unrestrained power to act in an arbitrary manner." *Id.*

Fundamental to the concept of the rule of law is the principle that reason and justice shall prevail over the arbitrary and uncontrolled will of any one person. . . . The meaning of the term 'discretion' itself imports that the action should be taken within reason and good conscience in the interest of protecting the rights of both parties and serving the ends of justice. *It has always been the policy of our law to resolve doubts in favor of permitting par-*

---

**3.** Mr. Johnson's designation was actually file-stamped one day late, on July 11, 2003.

*ties to have their day in court on the merits of a controversy.*

*Id.* at 628. In *Winterholler,* we applied the following factors to determine whether late supplementation of expert disclosures was fair under the circumstances:

(1) whether allowing the evidence would incurably surprise or prejudice the opposing party;

(2) whether excluding the evidence would incurably prejudice the party seeking to introduce it;

(3) whether the party seeking to introduce the testimony failed to comply with the evidentiary rules inadvertently or willfully;

(4) the impact of allowing the proposed testimony on the orderliness and efficiency of the trial; and

(5) the impact of excluding the proposed testimony on the completeness of the information before the court or jury.

*Id.* On the basis of the particular circumstances presented in *Winterholler,* we held that the court abused its discretion in excluding expert testimony designated after the deadline. We said,

[W]e are unable to find support in the record for the conclusion that the admission of [the disputed] testimony would *incurably* surprise or prejudice the defense. It is not difficult, however, to see that the exclusion of the [testimony] . . . prejudiced [the plaintiff's] ability to present the merits of her . . . claim.

*Id.*

■ [¶ 21] Applying what we said in *Winterholler* to the facts before us, we might conclude the district court abused its discretion in precluding Mr. Johnson from testifying. As in *Winterholler,* it is difficult to see how the admission of his testimony would incurably surprise or prejudice Mr. Sikorski. It seems likely he could have anticipated the possible explanations Mr. Johnson would give for the assault and threats. However, it is not difficult to see that the exclusion of his testimony prejudiced the defense—Mr. Johnson was not allowed to present his.

[¶ 22] An important distinction, however, between this case and *Winterholler,* is that in the latter case the party moving for preclusion became aware of the testimony that was not timely designated six weeks before trial. In contrast, Mr. Johnson not only missed the deadline for listing witnesses; he never complied. He made no showing either before the district court or this court as to why his failure should be excused. He also made no effort to inform the district court what the expected testimony would be. Under similar circumstances, at least one other court has concluded no abuse of discretion occurred in precluding the testimony. *Hitt v. J.B. Coghill, Inc.,* 641 P.2d 211 (Alaska 1982).

[¶ 23] We have cited with approval other courts' statements that the rules of civil procedure were designed to make pretrial and discovery uniform across the country and to prevent "trial by ambush." *Smith v. Ford Motor Co.,* 626 F.2d 784 (10th Cir.1980). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Id.* Against these important principles, we must weigh the importance of allowing litigants to have their day in court. Denying Mr. Johnson the opportunity to present *any* defense other than the limited one he was able to present through cross-examination of Mr. Sikorski and his witnesses does not comport with this policy. Mr. Johnson was the defendant, that is, a party to the dispute, not merely a witness. He was not precluded merely from offering particular evidence, he was prevented from presenting his case. Under these circumstances, we are unable to conclude that the district court's order was reasonable, protected the rights of both parties or served the ends of justice. That is not the end of the inquiry, however.

■ [¶ 24] W.R.E. 103(a)(2) provides:

(a) *Effect of erroneous ruling.*—Error may not be predicated upon a ruling which admits or excludes evidence *unless a substantial right* of a party *is affected, and*

. . .

(2) Offer of Proof.—In case the ruling is one excluding evidence, *the substance of the evidence was made known to the court by offer or was apparent* from the context within which questions were asked.

(emphasis added). In the context of evidentiary rulings at trial, this Court has long adhered to the doctrine that a sufficient offer of proof is necessary so that we are ade-

quately apprised of the nature of the excluded testimony. *Skinner v. State*, 2001 WY 102, ¶ 39, 33 P.3d 758, ¶ 39 (Wyo.2001). The only exception occurs when the record otherwise clearly discloses the nature of the expected testimony. *Sidwell v. State*, 964 P.2d 416, 420 (Wyo.1998). The requirement of an offer of proof enables the trial court to be fully advised in the exercise of its discretion regarding the admission of evidence and allows the reviewing court to determine if prejudicial error resulted from the exclusion of the proffered testimony. Assertions and speculation in an appellate brief in no way take the place of an explicit offer of proof. *Id.*

[¶ 25] Pursuant to these standards and the rule, in order to successfully claim that error occurred in the preclusion of his testimony, Mr. Johnson was required to make the substance of his testimony known to the district court through an offer of proof. Because he did not make an offer of proof and the record otherwise fails to disclose the nature of the expected testimony, we hold that Mr. Johnson failed to adequately preserve his second issue for appellate consideration.

[¶ 26] Affirmed.