2005 WY 138

**Kim E. ASKVIG; Julaine L. Askvig; and Paul R. Lewis, Appellants (Defendants),**

v.

**WELLS FARGO BANK WYOMING, N.A., as successor in interest to Wells Fargo Bank Northwest, N.A., f/k/a First Security Bank, N.C., Appellees (Plaintiffs).**

No. 04–230.

Supreme Court of Wyoming.

Oct. 25, 2005.

784 

Representing Appellant: James P. Castberg of Castberg Law Office, Sheridan, Wyoming.

Representing Appellee: Steven T. Waterman of Ray Quinney & Nebeker, P.C., Salt Lake City, Utah.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶1] Kim Askvig and his wife Julaine Askvig obtained a commercial loan from Wells Fargo Bank (hereinafter referred to as the bank).[1] Mrs. Askvig's father, Paul Lewis, guaranteed the loan. The purpose of the loan was to allow the Askvigs to buy a residential property, remodel and resell it. As collateral security for the loan, the Askvigs executed a mortgage providing the bank a first priority purchase money lien on the real property. Ultimately the Askvigs and Mr. Lewis defaulted on the loan and the bank initiated a judicial foreclosure proceeding. After a bench trial, the district court granted the foreclosure. The appellants appeal from the judgment granting foreclosure. We affirm.

## ISSUES

[¶2] The appellants filed a joint brief presenting the following issues for this Court's review:

I. The trial judge committed error when he granted the appellee's motion to dismiss appellant Julaine L. Askvig's counterclaim.

II. The trial judge committed error when he granted the appellee's motion for partial summary judgment and dismissing the counterclaims of appellant Kim E. Askvig and appellant Paul R. Lewis.

1. The Askvigs initially procured the loan through First Security Bank, the predecessor in interest to Wells Fargo Bank.

III. The trial judge committed error when he granted the appellee's motion and entered an order striking jury demand.

IV. The trial judge committed error when he entered judgment and decree of foreclosure.

V. The trial judge committed error when he entered supplemental judgment awarding appellee $169,424.62 plus interest as attorney's fees and costs.

## FACTS

[¶ 3] The Askvigs decided to purchase a residential property they thought they could remodel and resell for a profit. Towards this end, on October 29, 1999, the Askvigs, each individually, entered into a commercial loan transaction with the bank. The Askvigs borrowed $80,000 from the bank, granting the bank a first mortgage on the real property bought with the money. Mrs. Askvig's father, Mr. Lewis, executed a Guaranty in favor of the bank as further security for the loan.

[¶ 4] Needless to say, things did not go the way the Askvigs had envisioned. The bank extended the maturity date of the loan twice to accommodate the Askvigs. The second extension expired March 5, 2001, with no payment from the Askvigs or Mr. Lewis. The bank did not grant a further extension of the maturity date. Ultimately, on November 21, 2001, the bank filed the initial complaint in the instant foreclosure action. The initial complaint did not include Mrs. Askvig as a party, but she was added as a party in an amended complaint filed March 3, 2003. Ultimately the district court entered a Judgment and Decree of Foreclosure, from which the Askvigs and Mr. Lewis appeal.

## DISCUSSION

### I. Jurisdiction

[¶ 5] Earlier in the instant appellate proceeding, the bank moved to dismiss several issues identified by appellants in their notice of appeal, claiming that the notice of appeal was untimely as to those issues. This Court denied the motion without discussion. The bank renews its jurisdictional argument in its appellate brief. Questions of subject matter jurisdiction are matters of law which this Court reviews de novo. *Messer v. State*, 2004 WY 98, ¶ 8, 96 P.3d 12, 15 (Wyo.2004).

[¶ 6] Two judgments were entered below. A Judgment and Decree of Foreclosure was filed on June 8, 2004. Within the Judgment, the district court ordered "that the monetary Judgment awarded herein against [appellants] will be augmented by the sum of costs and attorney's fees to be allowed by this Court pursuant to Wyo.R.Civ.P. 54(b) in a Supplemental Judgment." [2] On September 13, 2004, a Supplemental Judgment was filed awarding contractually based costs and attorney's fees to the bank. The Supplemental Judgment again referenced W.R.C.P. 54(b). The appellants filed their notice of appeal within the time allowed after the entry of the Supplemental Judgment.

[¶ 7] The bank argues that the June Judgment and Decree of Foreclosure is a final order from which the appellants did not timely appeal. Therefore, according to the bank, issues regarding the foreclosure proceeding and the judgment of foreclosure are not properly before this Court. Instead, the only issues properly before this Court are issues concerning the award of contractual attorney's fees and costs, the only subject addressed in the Supplemental Order.

2. Wyoming Rule of Civil Procedure 54(b) states: (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

[¶ 8] We disagree. When the district court referenced Rule 54(b), it declared that the Judgment and Decree of Foreclosure was not a final order, and thus not appealable.[3] It was not until the Supplemental Judgment was entered that all the claims for relief presented to the district court were finally adjudicated, making the Supplemental Judgment the final appealable order.

[¶ 9] In arguing that the June Judgment and Decree of Foreclosure is a final order, the bank consistently treats the reference by the district court to W.R.C.P. 54(b) as a mistake and relies instead upon its preferred reading that the district court really meant W.R.C.P. 54(d)(2). We find no basis for this rewriting of the district court's judgments. The notice of appeal was timely filed.

## II. Dismissal of Juliane Askvig's counterclaim

[¶ 10] When Mrs. Askvig was finally joined in the instant foreclosure action, she filed a counterclaim against the bank. The bank filed a motion to dismiss the counterclaim for failure to state a claim upon which relief can be granted pursuant to W.R.C.P. 12(b)(6). The district court granted the bank's motion and dismissed Mrs. Askvig's counterclaim.

### Standard of Review

[¶ 11] A motion to dismiss a complaint for failure to state a claim pursuant to Rule 12(b)(6) admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. Since no issue of fact exists, our review is de novo. This Court evaluates the propriety of a dismissal by employing the same standards and by examining the same material as the district court, without a presumption of correctness to the conclusions reached below. *Wil-*

*son v. Town of Alpine,* 2005 WY 57, ¶ 4, 111 P.3d 290, 291 (Wyo.2005).

### Dismissal

[¶ 12] In its motion to dismiss, the bank claimed that Mrs. Askvig's counterclaim failed to state a claim upon which relief could be granted. The reason argued by the bank was that Mrs. Askvig was barred from bringing any counterclaim against it on the grounds of judicial estoppel. The bank based its judicial estoppel argument on the fact that Mrs. Askvig filed two separate Chapter 13 bankruptcy proceedings prior to the bank filing a complaint against her and she did not disclose that she had a potential counterclaim against the bank in either filing. The bank alleged that Mrs. Askvig's failure to disclose this potential asset to the bankruptcy court judicially estopped her from filing a counterclaim in the instant action. We need not address the legal merits of the bank's argument because in support of this argument the bank relied upon matters outside Mrs. Askvig's pleading, including documents submitted by Mrs. Askvig to the bankruptcy court. If the district court relied upon this extraneous information, the motion to dismiss was converted into a motion for summary judgment by operation of W.R.C.P. 12(b).[4] A judgment of dismissal would be procedurally improper. *See Coones v. F.D.I.C.,* 848 P.2d 783, 806–07 (Wyo.1993).

[¶ 13] This Court is not convinced, however, that the district court based its decision to dismiss solely on the grounds of judicial estoppel. The district court, after a hearing on the matter, dismissed the counterclaim

> [b]ased upon the arguments of counsel, the papers filed herein, each of the parties having had sufficient time to file memoranda, the law cited to this Court, this Court's review of the record, this Court's prior rulings on judicial estoppel and good cause otherwise appearing[.]

3. No argument is presented that proceeding under Rule 54(b) was improper under the circumstances.

4. Rule 12(b) states in pertinent part:
 If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted,

matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The district court clearly cites grounds other than judicial estoppel in support of its decision dismissing Mrs. Askvig's counterclaim. From this order it can be concluded that the district court properly dismissed Mrs. Askvig's counterclaim because, on its face, it failed to state a claim upon which relief could be granted. There is nothing in the record suggesting otherwise.

[¶ 14] As noted, this Court's review of a dismissal is de novo. Review by this Court, however, must be properly invoked. "In the presentation of an appeal to our court, it is inadequate simply to allude to an issue or identify only a potential issue. The appellant must make some attempt to relate the applicable law to the facts." *Kipp v. Brown*, 750 P.2d 1338, 1341 (Wyo.1988). Unfortunately, in her brief, Mrs. Askvig presents no argument supporting the merits of her counterclaim. Indeed, there is only a single sentence in her argument declaring that her counterclaim "asserted facts upon which relief could be granted." She presents no legal argument supporting this statement. Absent any argument on the merits of her counterclaim, this Court will not address the propriety of the dismissal by the trial court of Mrs. Askvig's counterclaim further. *See Jones v. Schabron*, 2005 WY 65, ¶ 12, 113 P.3d 34, 38 (Wyo.2005) (This Court will not frame appellant's arguments and will not address issues not supported by cogent argument or citation to pertinent authority.); *see also Kelley v. Watson*, 2003 WY 127, ¶ 4, 77 P.3d 691, 692 (Wyo.2003); *State v. Campbell County School Dist.*, 2001 WY 90, ¶ 35, 32 P.3d 325, 333 (Wyo.2001).

### III. *Propriety of the grant of partial summary judgment dismissing Mr. Askvig's and Mr. Lewis' respective counterclaims*

[¶ 15] The bank moved for partial summary judgment against Mr. Askvig and Mr. Lewis, asserting that it was entitled to judgment as a matter of law on the respective counterclaims of both men. The district court granted the bank's motion and dismissed the respective counterclaims. On appeal, Mr. Askvig and Mr. Lewis present separate and distinct arguments as to why the grant of partial summary judgment was improper as to them individually.

[¶ 16] Mr. Askvig argues, as he did below, that the bank could not challenge the merits of his counterclaim because default had been entered against the bank thereupon. Procedurally, the bank did not timely answer Mr. Askvig's counterclaim. Upon motion, the clerk of court entered a default against the bank. As far as the record shows, although no judgment of default was entered, the preliminary entry of default was in effect until the district court granted partial summary judgment in favor of the bank. Mr. Askvig essentially asserts that the bank's motion for partial summary judgment against him should have been stricken because the entry of default barred the bank from disputing any issues except those relating to damages under the doctrine of judicial estoppel. Except for the bald statement declaring such a prohibition, Mr. Askvig presents no cogent argument or citation to pertinent legal authority in support of his argument. We therefore decline to address his estoppel argument further. *Cathcart v. Meyer*, 2004 WY 49, ¶ 20, 88 P.3d 1050, 1060 (Wyo.2004).

[¶ 17] In contrast to Mr. Askvig, Mr. Lewis filed a response to the bank's motion for partial summary judgment requesting the district court either deny the motion or permit him to amend his counterclaim. On appeal, Mr. Lewis does not directly challenge the propriety of the district court's dismissal of his counterclaim. Rather, Mr. Lewis' only sustained appellate argument is that his motion for leave to amend his counterclaim should have been granted.

[¶ 18] The decision to allow amendment to pleadings is vested within the sound discretion of the district court and subject to reversal on appeal only for an abuse of that discretion. *Johnson v. Sikorski*, 2004 WY 137, ¶ 12, 100 P.3d 420, 423 (Wyo.2004); *Breazeale v. Radich*, 500 P.2d 74 (Wyo.1972). An abuse of discretion must be shown by Mr. Lewis by clear evidence. *Ekberg, v. Sharp*, 2003 WY 123, ¶ 9, 76 P.3d 1250, 1253 (Wyo.2003). Mr. Lewis presents no record evidence to this Court which identifies the reasons the district court invoked in

denying his motion to amend. This Court therefore has no way of scrutinizing the propriety of the district court's actions. In the absence of a showing that would assist us in this regard, the denial of the motion to amend by the district court must be affirmed. *Dynan v. Rocky Mountain Federal Sav. and Loan,* 792 P.2d 631, 640 (Wyo.1990).

## IV. Jury demand

[¶ 19] All three appellants filed a demand for trial by jury. The district court entered an order striking all three jury demands. On appeal, the appellants do not argue that the district court erred in striking the jury demand with respect to the trial on the merits of the claims in the bank's complaint. Rather, the appellants only take issue with the district court's orders striking their jury demands on their respective counterclaims. Because this Court has affirmed the district court's dismissal of their counterclaims, the appellants' argument is moot.

## V. Judgment and Decree of Foreclosure

[¶ 20] The appellants argue that the district court erred in entering its Judgment and Decree of Foreclosure. Initially they argue that they were denied the opportunity to be properly heard when the district court dismissed their respective counterclaims and struck their demands for jury trial. Because the appellants have not shown any error in the district court's actions relating to these decisions, this argument is moot.

[¶ 21] Appellants also argue that the warranty deed of record should have been found to be fraudulent. The appellants find relevance in this issue by claiming that a fraudulent warranty deed of record somehow renders the mortgage and guaranty invalid. The appellants fail to present a cogent legal argument or citation to legal authority explaining their conclusion. As stated above, this Court will not address issues that are not properly presented. In this context, this means that we will not address the general

legal question of whether a fraudulent warranty deed invalidates loan documents. Thus, the underlying issue of whether the warranty deed of record was fraudulent is immaterial to our resolution of this appeal and will not be considered further.[5]

## VI. Attorney's fees and costs

[¶ 22] In a supplemental judgment, the district court awarded the bank contractual attorney's fees and costs. On appeal, the appellants do not challenge the bank's contractual right to attorney's fees and costs. The appellants only argue that the amount awarded as attorney's fees is excessive. This Court reviews a district court's decision awarding attorney's fees under an abuse of discretion standard. The appellants bear the burden of establishing that the trial court abused its discretion. *Johnston v. Stephenson,* 938 P.2d 861, 862 (Wyo.1997).

[¶ 23] In support of their argument that the fee award is excessive, the appellants simply repeat the argument they presented to the district court. While they raised several factors to the district court, their ultimate argument on appeal is that the amount awarded as attorney's fees is excessive because the amount is too high when compared to the original loan amount. The appellants point out that the award represents 194% of the original loan amount. The appellants argue the amount should be limited to 15% of the amount of the loan to be reasonable. They present no citation to pertinent authority supporting their theory that the ratio of the amount of the award to the amount of the loan is the determinative factor in establishing the amount of attorney's fees to be awarded.

[¶ 24] In actual fact, Wyoming law does not support the appellants' argument. Wyoming has adopted the two-factor federal lodestar test for determining attorney's fees. The first factor is whether the fee charged represents the product of reasonable hours

---

5. In any event, the appellants present a factual argument as to why the warranty deed of record was fraudulent. The appellants failed to designate the transcripts of the bench trial as part of the record on appeal. Lacking an adequate record, this Court will assume that the evidence presented was sufficient to support the district court's findings and summarily affirm the district court's decision. *Beeman v. Beeman,* 2005 WY 45, ¶ 10, 109 P.3d 548, 551 (Wyo.2005).

times a reasonable rate. The second factor allows the district court to determine whether other factors of discretionary application should be considered to adjust the fee either upward or downward. *Schlesinger v. Woodcock,* 2001 WY 120, ¶ 21, 35 P.3d 1232, 1239 (Wyo.2001). Section 1–14–126(b) [6] suggests eight different factors that a court may consider in determining appropriate contractual attorney's fees. Under neither the lodestar test nor the statute is any single factor determinative. The district court, therefore, was not limited to the mathematical limitation put forth by the appellants.

[¶ 25] The bank presented the district court with extensive documentation supporting its request for attorney's fees. The appellants presented the district court with the same arguments they present on appeal. After reviewing the arguments and the bank's documents, the district court held that the fees requested were founded upon a reasonable hourly rate. The district court further held that the time expended by the bank's counsel was well documented and that the time was reasonable and necessary given the defenses raised by the appellants. The district court was in the best position to review the details of the bank's fee application in light of the objections raised by the appellants, including the argument that the fees requested were too high in proportion to the initial loan amount. *Cline v. Rocky Mountain, Inc.,* 998 P.2d 946, 951 (Wyo.2000). The appellants have presented no argument convincing this Court that the district court abused its discretion in its award of fees. Further, this Court finds nothing in the record suggesting that the district court's award was unreasonable.

6. Wyo. Stat. Ann. § 1–14–126(b) states:

 (b) In civil actions for which an award of attorney's fees is authorized, the court in its discretion may award reasonable attorney's fees to the prevailing party without requiring expert testimony. In exercising its discretion the court may consider the following factors:
 (i) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
 (ii) The likelihood that the acceptance of the particular employment precluded other employment by the lawyer;

**CONCLUSION**

[¶ 26] The appellants have not presented any arguments meriting the reversal of the district court's holdings in this case. The Judgment and Decree of Foreclosure and the Supplemental Judgment are affirmed.

(iii) The fee customarily charged in the locality for similar legal services;
(iv) The amount involved and the results obtained;
(v) The time limitations imposed by the client or by the circumstances;
(vi) The nature and length of the professional relationship with the client;
(vii) The experience, reputation and ability of the lawyer or lawyers performing the services; and
(viii) Whether the fee is fixed or contingent.