2001 WY 40

**Michael MILLHEISER and Dana Borroni, husband and wife, Appellants (Plaintiffs),**

v.

**Bobby J. WALLACE and Bridget W. Wallace, husband and wife, Appellees (Defendants).**

No. 00–194.

Supreme Court of Wyoming.

April 19, 2001.

Representing Appellants: Georg Jensen of Law Offices of Georg Jensen, Cheyenne, WY.

Representing Appellees: William D. Bagley, Cheyenne, WY.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ.

KITE, Justice.

[¶ 1]  Michael Millheiser and Dana Borroni (the buyers) purchased certain real property from Bobby J. and Bridget W. Wallace (the sellers) on a contract for deed with the expressed intention of using the property for commercial purposes.  After the execution of the contract, the homeowners' association objected to any commercial use as precluded by the covenants.  The buyers ceased making payments under the contract.  When the court confirmed commercial use was not allowed by the covenants, the buyers sought and were granted rescission of the contract and restitution of their money paid under the contract.  The district court declined to award interest or costs, and the buyers appealed that decision.  We affirm the district court's exercise of discretion.

## ISSUE

[¶ 2]  The buyers present the following issue:

1.  Did the court err in failing to award pre-judgment interest on a summary judgment in favor of the [buyers] on a liquidated sum due the [buyers] as a result of court ordered rescission?

The sellers rephrase the issue:

Whether as a matter of law [the buyers] are entitled to prejudgment interest on the Judgment entered by the District Court, May 19, 2000, or in the alternative, does the District Court have discretion to award or not award costs and interest[?] [1]

## FACTS

[¶ 3]  The real property in issue is located west of Cheyenne in Laramie County in a subdivision known as Granite Springs Retreat.  The land was subdivided by the original owner, Lorenz Ranch, Inc., and Deward Miller purchased the property in 1976.  A Declaration of Protective Covenants, executed by Granite Springs Retreat which ap-

peared to be the sole proprietorship of Deward Miller, was filed.  Paragraph 26 of the original covenants provided in pertinent part:

RIGHT OF SUBDIVIDER: Subdivider, its successors or assigns, expressly reserve the right to:

a.  From time to time amend or revoke any protective covenants then in existence, but no such amendment or revocation shall apply to any tracts that are sold prior thereto without the written consent of a majority of the then owners of any such tracts.

. . . .

d.  To specify that covenants do not apply to certain tracts designated by the Subdivider for special use.

[¶ 4]  Miller transferred title of all the property in 1977 to Happy Jack Stable and Lounge, Inc. of which he was an officer.  In 1978, Miller attempted to amend the covenants by recording an Amended Declaration of Protective Covenants, which purported to allow the west one-half of Tract 4 and all of Tract 5 to be sold or developed for business or commercial use.  However, the document was executed by "Granite Springs Retreat by Deward H. Miller."  Neither Granite Springs Retreat nor Miller owned any interest in the property at the time the amended covenants were executed and filed.

[¶ 5]  Happy Jack Stable and Lounge sold Tract 5 to the sellers in 1993, and in 1996 the sellers sold Tract 5 to the buyers, who claimed to have purchased the property with the understanding there was no restriction on commercial use.  The sellers admitted the price paid was based in part on the commercial nature of the property.  Apparently, upon hearing of a proposed commercial use of Tract 5, Granite Springs Retreat Association, a nonprofit organization of the homeowners, objected and filed an Affidavit Affecting Title stating the amended covenants were void.  The buyers made payments under the contract until September 1997 when they ceased to make further payments claiming the property could not be used for the

---

**1.**  The buyers did not appeal the portion of the district court decision which concluded each party should bear its own costs.  For this reason,

we decline to address the issue of costs raised for the first time in the sellers' brief.

purposes for which it had been purchased. The sellers claimed the payments made as damages for breach of contract, and the deed was released from escrow to them.

[¶ 6] Litigation ensued involving Granite Springs Retreat Association, Miller, Happy Jack Stable and Lounge, the sellers, and the buyers with claims, counterclaims, and cross-claims concerning the efficacy of the amended covenants and various tort and contract claims. On May 19, 1999, the district court, on motions for summary judgment, held the attempted amendment of the covenants was void and Tract 5 could not be used for commercial purposes. No appeal was taken from that decision. The court proceeded to consider further summary judgment motions concerning the legal impact the first decision had upon the contract for deed between the buyers and the sellers. On March 27, 2000, the district court granted the buyers summary judgment finding a mutual mistake of fact concerning the allowed use of the property for commercial purposes entitling the buyers to rescission of the contract. No appeal was taken from this decision.

[¶ 7] As a part of the remedy of rescission, the district court found that the buyers were entitled to restitution of the benefits they had conferred upon the sellers. The benefits identified included return of the down payment and all other payments made to the sellers. However, the district court declined to award the buyers prejudgment interest on those monies or costs. The court found prejudgment interest was not required by statute and this was not a circumstance under Restatement (Second) of Contracts § 354 (1981) which allowed prejudgment interest. In addition, the court held that neither party was a "prevailing party" and, consequently, the parties should bear their own costs. *See* Wyo. Stat. Ann. § 1–14–126(a) (LEXIS 1999). The buyers appealed this final judgment.

## STANDARD OF REVIEW

[¶ 8]

"It is the general rule that a party seeking to rescind a contract must return the opposite party to the position in which he was prior to entering into the contract. However, this is not a technical rule, but rather it is equitable and requires practicality in readjusting the rights of the parties. The standard used is 'substantial restoration of the status quo.' How this is to be accomplished, or indeed whether it can, is a matter which is within the discretion of the trial court, under the facts as found to exist by the trier of the fact." (Citations omitted.) *Smith v. Huber,* Colo.App., 666 P.2d 1122, 1124–1125 (1983).

*Walter v. Moore,* 700 P.2d 1219, 1228 (Wyo. 1985).

[¶ 9] This court has settled on the standard of an abuse of discretion as reaching the question of reasonableness of the choice made by the district court. *Smith v. State ex rel. Wyoming Department of Transportation,* 11 P.3d 931, 935 (Wyo.2000); *Vaughn v. State,* 962 P.2d 149, 151 (Wyo. 1998). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Id.*

## DISCUSSION

[¶ 10] Wyoming statutes provide for interest on judgments but do not specifically address an award for prejudgment interest. Wyo. Stat. Ann. § 1–16–102 (LEXIS 1999). However, it has been recognized as an appropriate element of damages in some cases. *See Horseshoe Estates v. 2M Company, Inc.,* 713 P.2d 776, 781–82 (Wyo.1986). This court has approved of the award of prejudgment interest on liquidated sums in breach of contract actions when the amount due is readily computable by simple mathematical calculation. *United Pacific Insurance Company v. Martin and Luther General Contractors, Incorporated,* 455 P.2d 664, 677 (Wyo.1969); *Laramie Rivers Company v. Pioneer Canal Company,* 565 P.2d 1241, 1245 (Wyo.1977). Interest generally is computed from the time notice is given of the claim. *Rissler & McMurry Company v. Atlantic Richfield Company,* 559 P.2d 25, 34 (Wyo.1977).

[¶ 11] Prejudgment interest has also been recognized as appropriate in certain cases dealing with the rescission of contracts. *See Racicky v. Simon,* 831 P.2d 241 (Wyo.1992). Upon finding conditions appropriate, courts generally employ the equitable remedy of restitution in an attempt to return the parties to the status quo. "A party who has avoided a contract on the ground of lack of capacity, mistake, misrepresentation, duress, undue influence or abuse of a fiduciary relation is entitled to restitution for any benefit that he has conferred on the other party by way of part performance or reliance." Restatement (Second) of Contracts § 376 at 222 (1981). "In an action of restitution in which the benefit received was money, the measure of recovery for this benefit is the amount of money received." Restatement of Restitution § 150 at 597 (1937). Where a mistake occurs concerning the nature of the property intended to be conveyed, we have approved rescission of the contract and the return of any monies paid pursuant to said contract in the interest of fairness. *Hagar v. Mobley,* 638 P.2d 127, 133 (Wyo.1981).

[¶ 12] Prejudgment interest is one element to be considered by the court in determining the appropriate restitution when a contract is rescinded. This court first considered, and approved of, prejudgment interest in a case involving rescission of a real estate sales contract in *Mader v. James,* 546 P.2d 190 (Wyo.1976). The district court found the sale fell through as a result of the failure of the seller to perform and prejudgment interest was appropriate. Where the contract provided for rescission under certain circumstances, we have upheld the award of prejudgment interest from the date of notice of the existence of those appropriate circumstances. *Holst v. Guynn,* 696 P.2d 632, 635 (Wyo.1985) (interest granted on earnest money from date seller notified buyer could not obtain financing).

[¶ 13] In this case, interest was an appropriate consideration for the district court. However, after considering all the facts and circumstances, the district court exercised its equitable discretion and concluded interest was "unwarranted." In awarding rescission, the court found that both parties entered the transaction with the assumption the amended covenants governed the permissible use of the land and made no finding that either party was at fault for that mistake. In crafting the remedy of restitution, the court declined to award the buyers any "consequential damages relating to their misconception." It appears from the record the court attempted to restore the parties to their condition prior to execution of the contract without imposing a penalty on either for the failed transaction. That was an appropriate exercise of the court's discretion.

[¶ 14] As noted above, in *Walter,* 700 P.2d 1219, a similar case where a land sale was rescinded due to mutual mistake concerning the allowable uses of the property, a comparable exercise of discretion was affirmed. In that case, after taking possession of the property, the buyers discovered a septic tank could not be installed because the property was located in the flood plain and, consequently, the property could not be occupied as a residence. We held restoration of the parties to status quo is an essential part of contract rescission. The rule of restoration is an equitable rather than a procedural remedy, and, therefore, it must be reasonably applied and construed. *Walter,* 700 P.2d at 1228; *see* 17A Am.Jur.2d *Contracts* § 592 (1991). Whether the parties can be substantially returned to their positions prior to entering the contract, and the means necessary to accomplish this outcome, is within the discretion of the district court under the facts as found to exist by the trier of fact. *See Walter,* 700 P.2d at 1228. The sellers in *Walter* were allowed a setoff for the rental value of the trailer on the property against the amount they were required to pay back to the buyers, but they were not allowed a setoff for the value of the use of the property itself. On the other side of the transaction, the court did not allow the buyers to be reimbursed for property taxes paid, appreciation in the value of the property during their possession, or interest on the amounts they had paid. We concluded, "The

trial court acted equitably in attempting to return the parties to status quo and therefore the amounts awarded were adequate." *Id.* That same conclusion applies here.

[¶ 15]  Affirmed.