2005 WY 114

**Paul BEFUMO, Appellant (Defendant),**

**v.**

**Craig A. JOHNSON; Beverly Tourville; Robert Wilkoske Trust; Nona Wilkoske Trust, Mitchell E. Osborn, Trustee, Appellees (Plaintiffs).**

**Clamp Holdings, Inc., Appellant (Defendant),**

**v.**

**Craig Johnson; Beverly Tourville; Robert Wilkoske Trust; Nona Wilkoske Trust, Mitchell E. Osborn, Trustee, Appellees (Plaintiffs),**

**and**

**David Trefren Trust, Appellee (Defendant/Third Party Plaintiff).**

**Nos. 04–202, 04–203.**

Supreme Court of Wyoming.

Sept. 13, 2005.

Representing Appellant Befumo: Pro se.

Representing Appellees: Johnson, Tourville, Wilkoske Trusts and Mitchell E. Osborn: Mitchell E. Osborn of Grant & Osborn, Cheyenne, Wyoming.

Representing Appellant Clamp Holdings, Inc.: C.M. Aron of Aron & Hennig, LLP, Laramie, Wyoming.

Representing Appellee David Trefren Trust: Don W. Riske of Riske & Arnold, P.C., Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, JJ., and YOUNG, D.J.

KITE, Justice.

[¶1]   Craig Johnson and Beverly Tourville were beneficiaries under the Robert Wilkoske and Nona Wilkoske trusts (the original trusts).   First Estate Management Corp. (FEMCO) was the trustee.   FEMCO's vice-president, Paul Befumo, created the RW & NW Trust (new trust), named himself trustee, and transferred the trust property to the new trust.   The new trust then sold the trust assets, two parcels of real estate, to Clamp Holdings, Inc., (Clamp).   Clamp in turn sold one of the parcels to the David Trefren Trust (Trefren).

[¶2]   Mr. Johnson, Ms. Tourville and the original trusts sought to have the sale of the trust property to Clamp set aside.[1]   Following a bench trial, the trial court entered an order quieting title in Trefren's name to the parcel of trust property it purchased from Clamp and awarding Trefren damages for property removed from the parcel.   The trial court quieted title in the name of the original trusts to the second parcel of trust property still held by Clamp.   The trial court also granted judgment in favor of the original trusts and against Mr. Befumo in the amount of $35,000 (the amount he collected in attorney's fees from the trusts although he was not a licensed attorney)   and Clamp for

---

1. In the meantime, the original trust and its beneficiaries also filed suit against FEMCO and Mr. Befumo alleging breach of fiduciary duty. The trial court found against Mr. Befumo, removed FEMCO and Mr. Befumo as trustees and declared the transfer of trust assets from the original trusts to the new trust null and void. We affirmed in *Johnson v. Sikorski*, 2004 WY 137, 100 P.3d 420 (Wyo.2004).

$170,420.32 (the amount it received in payment for the parcel of trust property it sold to Trefren).

[¶3] Clamp appealed, claiming the trial court abused its discretion in reopening the evidence after the original trusts failed to carry their burden, erred in finding Clamp was not a bona fide purchaser of one of the parcels and erred in rescinding the sale without also ordering restitution of the amount Clamp paid for the property. Mr. Befumo, appearing *pro se,* also appealed claiming the trial court deprived him of his right to a fair trial and erred in allowing the claims against him to go forward and awarding damages against him. We affirm.

## ISSUES

[¶4] Mr. Befumo presents the following issues for our consideration:

*ISSUE 1:* Did the district court err in failing to dismiss Plaintiff's claim against Defendant Befumo based on principles of *res judicata,* or, alternatively, *collateral estoppel?*

*ISSUE 2:* Did the district court deprive Defendant Befumo of his right to a fair trial by:

a) Conducting trial without allowing Mr. Befumo time to answer the complaint, in violation of Rule 12; and

b) Denying Mr. Befumo the opportunity to conduct any discovery whatsoever, in violation of Rules 26 through 33?

*ISSUE 3:* Did the district court err in awarding damages that were not requested in the complaint, and which were not supported by any evidence?

Clamp presents the following issues:

1. Was it an abuse of discretion to reopen the evidence, *sua sponte,* after finding a failure by plaintiffs to sustain the burden of proof?

2. Was it error to conclude that Clamp was not a *bona fide* purchaser on one of two parcels in the same transaction?

3. Was it error to order rescission of a real estate sale without return of the consideration paid for the purchase?

Mr. Johnson, et al. restate the issues as follows:

1. Did Appellants comply with the requirements of Rule 3.02 when they failed to make provisions for the entire transcript of the proceedings to be included in the record on review *and* not presenting a statement of the issues they intended to present in their respective notices of appeal?

2. Is Appellant Befumo barred by the doctrines of *collateral estoppel* and *res judicata* from asserting his claim that the District Court erred in denying him "his right to a fair trial"[?]

3. Did the district court err in awarding Plaintiff a judgment for damages against Defendant Befumo[?]

4. Did the court close the evidence prior to May 28, 2004 and, if so, was it an abuse of discretion to reopen the evidence, *sua sponte,* pursuant to W.R.C.P. Rule 59[?]

5. Was it error for the district court to conclude that Appellant Clamp was not a *bona fide* purchaser[?]

6. Was it error for the district court to order rescission of the real estate sale to appellant Clamp[?]

Trefren states the following issues:

1. Whether appellant seeks review by this Court of that judgment on crossclaim of defendant Trefren Trust.

2. Whether appellant seeks review by this court of the findings of fact, conclusions of law and order regarding Trefren Trust's bona fide purchaser defense and third party complaint.

## FACTS

[¶5] This appeal involves some of the same parties and facts as *Johnson v. Sikorski,* 2004 WY 137, 100 P.3d 420 (Wyo.2004). Mr. Johnson and Ms. Tourville were beneficiaries of the original trusts. The trust property consisted of two parcels of real estate, referred to as the missile site and the salvage yard. Mr. Befumo, as vice president of FEMCO, created a new trust, named himself trustee and sold both parcels to Clamp. Clamp then sold the salvage yard to Trefren.

After both parcels were sold, Mr. Johnson mortgaged the property purchased by Trefren.

[¶ 6]   As reflected in *Johnson*, ¶ 10, in an order entered by the trial court and affirmed by this Court, all conveyances from the original trusts to the new trust were declared null and void and Mr. Befumo was relieved of his duties as trustee.  The original trusts, their beneficiaries, and Mr. Osborn, the newly appointed trustee of the Robert Wilkoske Trust, then filed a complaint for declaratory judgment against FEMCO, Mr. Befumo, Trefren, Clamp and Jack Sikorski (Clamp's operations manager and vice president[2]) seeking to set aside the conveyances to Clamp, to quiet title to the trust property in the name of the original trusts and money damages.  The original trusts and their beneficiaries also filed a motion for temporary restraining order seeking to prohibit the removal of assets from the trust property.

[¶ 7]   Clamp, Mr. Sikorski and Trefren filed answers to the complaint.  Trefren raised the affirmative defense that it was a bona fide purchaser for value of the parcel it purchased from Clamp.  Trefren also filed a third party complaint[3] and a counterclaim seeking to quiet title to the property in its name alone.  Additionally, Trefren filed a cross-claim against Clamp and Mr. Sikorski for breach of warranty and breach of contract.  Clamp then filed a counterclaim against Mr. Johnson alleging that he interfered with Clamp's negotiations, contract and prospective economic advantage and seeking compensatory and punitive damages.  Clamp also filed a cross-claim against Trefren alleging conversion of property and seeking monetary damages.

[¶ 8]   After a hearing on the original trusts' motion for temporary restraining order, the trial court entered an order on March 26, 2004, restraining the parties from removing or selling any property from the missile site pending a bench trial scheduled for May 10, 2004.  Prior to trial, Mr. Befumo, who for reasons that do not appear in the record, was not served with the complaint until several months after it was filed, filed a *pro se* motion to dismiss the claims against him, claiming they were barred by *res judicata* and *collateral estoppel.*

[¶ 9]   Following a hearing held prior to trial on May 10, 2004, the trial court denied Mr. Befumo's motion to dismiss.  The case proceeded to trial and, the following day, the trial court entered findings of fact, conclusions of law and an order.  The trial court found Trefren was a bona fide purchaser for value of the salvage yard and the original trust did not own the property at the time Mr. Johnson executed the mortgage.  The trial court declared the mortgage void *ab initio,* quieted title to the salvage yard in Trefren and declined to set aside the conveyance from Clamp to Trefren.  By separate order, the trial court dismissed the cross-claim against Mr. Sikorski, dismissed Trefren's breach of warranty claim against Clamp, and awarded Trefren judgment against Clamp in the amount of $12,868.25 for breach of contract.  The trial court also entered an order setting the remaining matters for further evidentiary hearing on May 28, 2004.

[¶ 10]   Prior to continuation of the hearing, the trial court entered an order dismissing all claims against Mr. Sikorski.  Additional evidence on the remaining claims was presented on May 28, 2004.  On June 15, 2004, the trial court entered judgment quieting title to the missile site in the name of the original trusts and awarding the original trusts $35,000 in attorney's fees from Mr. Befumo and $170,420.32 plus costs from Clamp.

## DISCUSSION

### 1.  *Clamp's Claims*

#### a.  *Reopening the Evidence*

[¶ 11]   Clamp claims the trial court abused its discretion in reopening the evi-

---

**2.**  Mr. Sikorski previously was hired by Mr. Befumo as an employee of FEMCO to operate the salvage yard.

**3.**  The third party complaint named Kenneth and Vicki Rhodes as third party defendants and alleged that after the sale of the salvage yard to Trefren, Mr. Johnson mortgaged the property with the Rhodes as mortgagees.  In the third party complaint, Trefren sought judgment declaring Mr. Johnson had no interest in the property at the time of the mortgage and quieting title in Trefren.

dence *sua sponte* after finding the original trusts had not met their burden of proof at the May 10, 2004, trial. The limited portions of the record Clamp designated for our consideration on appeal suggest that, following the trial on May 10, 2004, the trial court made some rulings from the bench. The incomplete record submitted does not include the portions of the transcript containing the trial court's ruling. Apparently, however, the trial court stated it would take judicial notice of its ruling in *Johnson* declaring null and void all conveyances from the original trusts to the new trust. Upon reconvening the following day, the trial court had reconsidered its rulings.

[¶ 12] On May 11, 2004, the trial court stated that for the original trusts to be entitled to an order setting aside the conveyance from the new trust to Clamp, they had to present evidence that they owned the parcels at the time of the conveyance. Absent evidence in the record showing that the conveyance from the original trusts to the new trust was set aside in *Johnson*, the trial court concluded, there was no proof that the original trusts owned the parcels and were entitled to the relief they sought. Additionally, the trial court stated there was no evidence that Mr. Osborn, appointed by the court to act as trustee for the Robert Wilkoske Trust after Mr. Befumo's removal, had any authority to act for the Nona Wilkoske Trust. Without such evidence, the trial court concluded, the original trusts failed to meet their burden of proof.

[¶ 13] The trial court stated:

I have two options. I can keep the record open and give you an opportunity to prove all of these things, or I can declare a mistrial, have you come back and try it all over again. My inclination is to keep the record open until you can prove all of these things.

\* \* \*

We will, therefore, adjourn for the day. I will allow you to have a hearing to try to prove [that the conveyance from the Nona Wilkoske Trust was void.]

Prior to adjourning, the trial court appointed Mr. Osborn as trustee of the Nona Wilkoske Trust.

[¶ 14] On May 25, 2004, the original trusts filed a request for the trial court to take judicial notice of its ruling in *Johnson v. FEMCO*.[4] The trial reconvened on May 28, 2004. From the limited record before us, we know only that the parties presented the transcript of Mr. Befumo's testimony from *Johnson* and additional live testimony from Mr. Sikorski. The trial court apparently was persuaded from the additional evidence presented that the original trusts met their burden of proving that the conveyance from the original trusts to the new trust had been set aside, meaning the original trusts owned the trust property at the time the new trust conveyed it to Clamp.

[¶ 15] In claiming error with regard to the trial court's reconsideration of its May 10, 2004, rulings, Clamp asserts that the trial court closed the evidence and issued its ruling from the bench May 10, 2004, and then re-opened the evidence the following day. The difficulty with Clamp's assertion is that the limited record provided for our review includes only a partial transcript of the May 10, 2004, proceedings (the testimony of Mr. Sikorski) and does not include the trial court's rulings. It is not clear from the partial record provided that in fact the evidence was closed May 10, 2004, and re-opened May 11, 2004. In fact, portions of the May 11, 2004, transcript suggest the proceedings were simply left open for presentation of further evidence.

[¶ 16] It is the appellant's burden to bring a complete record to this Court. *Beeman v. Beeman*, 2005 WY 45, ¶ 10, 109 P.3d 548, 551–52. Where a proper record is not provided, an appeal may be dismissed or review may be limited to those issues not requiring inspection of the record. *Id.* Without a sufficient record, we must accept the

---

4. The trial court ruled from the bench in *Johnson* on September 23, 2003. The original trust filed its complaint for declaratory judgment in the present action on October 17, 2003, and the trial court issued its order and judgment on June 15, 2004. This Court issued its decision affirming the trial court's ruling in *Johnson* on November 10, 2004.

trial court's findings as being the only basis for deciding the issues which pertain to the evidence. *Id.* In the absence of anything to refute them, we will sustain the trial court's findings, and we assume that the evidence presented was sufficient to support those findings. *Id.*

[¶ 17] The record before us is not complete and we would be warranted in sustaining the trial court's rulings on that basis alone. However, it is clear from the limited record that the trial court based its decision to allow the presentation of additional evidence on W.R.C.P. 59. Rule 59 is directed at new trials and amendments of judgments after entry of judgment. Although we question the applicability of Rule 59 given that no judgment or final order, signed by the trial judge, had been entered in the clerk of court's office, we will assume for purposes of deciding Clamp's first issue that in fact the evidence was closed on May 10, 2004, judgment was rendered from the bench and the evidence was re-opened on May 11, 2004. By way of analogy, we consider the factors relevant to the granting of a new trial after entry of judgment.

[¶ 18] W.R.C.P. 59 provides in relevant part:

Rule 59. New trials; amendments of judgments.

(a) *Grounds.*—A new trial may be granted to all or any of the parties, and on all or part of the issues. On a motion for a new trial in an action tried without a jury, *the court may open the judgment, if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions,* and direct the entry of a new judgment.

\* \* \*

(d) *On court's initiative; notice; specifying grounds.*—No later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. \* \* \* When granting a new trial on its own initiative or for a reason not stated in a motion, the court shall specify the grounds in its order.

(emphasis added.) One of the grounds for granting a new trial under Rule 59(a)(6) is that the decision is not sustained by sufficient evidence or is contrary to law. A trial court is vested with broad discretion when ruling on a motion for new trial, and we will not overturn the court's decision except for an abuse of that discretion. *John Q. Hammons Inc. v. Poletis,* 954 P.2d 1353, 1357 (Wyo.1998). The trial court should grant a new trial whenever in the exercise of sound discretion the judge thinks a new trial is necessary to prevent a miscarriage of justice. *Id.* A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. *Goglio v. Star Valley Ranch Ass'n,* 2002 WY 94, ¶ 38, 48 P.3d 1072, 1084 (Wyo.2002). In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. *Id.* An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. *Id.*

[¶ 19] Considering these standards applicable to granting a new trial after judgment is entered, we conclude from the limited record before us that the trial court did not abuse its discretion when it allowed the parties to present additional evidence on May 28, 2004. The trial court apparently had informed the parties on May 10, 2004, that it would take judicial notice of its earlier ruling in *Johnson,* making the presentation of evidence of the ruling unnecessary. Upon further reflection, the trial court concluded evidence of the prior ruling properly must appear in the record for it to conclude the original trusts met their burden of proof and were entitled to judgment. Under these circumstances, we conclude there was no abuse of discretion in the trial court's decision to reopen the evidence and allow the presentation of additional evidence.

### b. *Finding that Clamp Was Not a Bona Fide Purchaser on One of Two Parcels in the Same Transaction*

[¶ 20] Clamp contends the trial court erred in concluding it was not a bona fide

purchaser of the missile site. Rather than claiming insufficient evidence was presented to show it was not a bona fide purchaser, Clamp's assertion seems to be that the trial court did not make factual findings to support the conclusion, such as a finding that Clamp was on notice that the new trust from which it purchased the property was invalid and without legal authority to convey the property.

[¶ 21]   W.R.C.P. 52 provides in pertinent part:

> Upon the trial of questions of fact by the court . . . it shall not be necessary for the court to state its findings, except generally for the plaintiff or the defendant, unless one of the parties requests it before the introduction of any evidence . . . in which case the court shall state in writing its special findings of fact separately from its conclusions of law; provided, that without such request the court may make such special findings of fact and conclusions of law as it deems proper . . . .

[¶ 22]   No contention is made and the limited record does not reflect that any of the parties requested the trial court to make specific findings of fact.   Even if such a request was made, in the absence of an adequate record we will sustain the trial court's findings, and assume the evidence presented was sufficient to support them.   The trial court concluded based on the evidence presented that Clamp was not a bona fide purchaser.   Evidence was presented that Clamp's vice president, Mr. Sikorski, had a prior employment relationship with Mr. Befumo, who sold the property to Clamp.   Evidence was also presented that Mr. Sikorski was also aware of the potential problems that existed with the title to the property Clamp was purchasing.   We sustain the trial court's finding and assume the evidence presented was sufficient to support it.

[¶ 23]   Clamp also contends the trial court improperly treated as *res judicata* against Clamp the decision in *Johnson*.   The limited record before us shows only that the trial court allowed the original trusts to present evidence of the decision in *Johnson* to show that they owned the trust property and the conveyance from the new trust to Clamp was invalid.   The trial court apparently found that evidence persuasive in concluding the original trusts owned the trust property.   Nothing in the record suggests the trial court treated the decision as *res judicata* against Clamp.

### c.   Rescission of Real Estate Sale Without Return of Consideration

[¶ 24]   Clamp's final claim is that the trial court erred in rescinding the sale without ordering restitution of the amount Clamp paid for the property.   The original trusts and beneficiaries respond that Clamp is not entitled to restitution because Clamp had notice that the new trust's title to the property was questionable and, even if the new trust held title to the property, Clamp was in default on the purchase.

> "It is the general rule that a party seeking to rescind a contract must return the opposite party to the position in which he was prior to entering into the contract.   However, this is not a technical rule, but rather it is equitable and requires practicality in readjusting the rights of the parties.   The standard used is 'substantial restoration of the status quo.'   How this is to be accomplished, or indeed whether it can, is a matter which is within the discretion of the trial court, under the facts as found to exist by the trier of fact."

> This court has settled on the standard of an abuse of discretion as reaching the question of reasonableness of the choice made by the district court.

*Millheiser v. Wallace,* 2001 WY 40, ¶¶ 8–9, 21 P.3d 752, 755 (Wyo.2001) (citations omitted). Where a mistake occurs concerning the nature of the property intended to be conveyed, we have approved rescission of the contract and the return of any monies paid pursuant to said contract in the interest of fairness. *Id.,* ¶ 11.

[¶ 25]   In this instance, Mr. Befumo agreed to transfer title to the missile site to Clamp in exchange for an agreed purchase price.   Clamp made payments toward the purchase price but Mr. Befumo was unable to transfer the title.   Clamp failed to obtain

that which it expected to obtain. The question is whether the trial court abused its discretion when it set aside the sale to Clamp and quieted title to the property in the original trusts without ordering the return of the monies Clamp paid for the property.

[¶ 26] This was a complicated case involving numerous parties and claims, cross-claims and counterclaims. Notably absent was any claim by Clamp against FEMCO or Mr. Befumo for repayment of the amounts paid toward purchase of the missile site. Although it may be that in equity no express claim for restitution is required as between the parties to the contract rescinded, it is difficult for us in complex proceedings such as these to conclude the trial court abused its discretion in failing to order restitution for Clamp *sua sponte* after quieting title to the property in the original trusts free from any claims of the new trust, FEMCO or Mr. Befumo. Under these circumstances, it does not seem unreasonable to expect that for restitution to occur, the party claiming a right to it should request it. So far as this Court is aware from the limited record presented, there is nothing preventing Clamp even now from seeking reimbursement of the amounts paid for property it did not receive.

[¶ 27] As we have stated throughout this opinion, it is difficult for this Court to conclude an abuse of discretion occurred from the limited record before us. Where the parties fail to submit an adequate record, we will sustain the trial court's findings and assume the evidence presented was sufficient to support them. *Beeman,* ¶ 10. We find no abuse of discretion in the trial court's failure to award restitution to Clamp.

### 2. Mr. Befumo's pro se Claims

#### a. Res Judicata or Collateral Estoppel

[¶ 28] Mr. Befumo claims that the district court erred in failing to dismiss Clamp's claims against him based alternatively upon principles of *res judicata* or *collateral estoppel.* Under either principle, Mr. Befumo asserts, the claims against him in this case are barred because they were litigated previously in *Johnson.*

[¶ 29] Four factors must be satisfied in order for the doctrine of *res judicata* to bar consideration of an issue: (1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them. *Dolence v. State,* 2005 WY 27, ¶ 6, 107 P.3d 176, 178 (Wyo.2005). Four factors also must be satisfied in determining whether a claim is barred by *collateral estoppel:* (1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom *collateral estoppel* is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom *collateral estoppel* is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *Williams Production RMT Co. v. State Dept. of Revenue,* 2005 WY 28, ¶ 141, 107 P.3d 179, 212 (Wyo.2005). *Collateral estoppel* bars relitigation of previously litigated issues. *Id. Res judicata* bars relitigation of previously litigated claims or causes of action. *Id.*

[¶ 30] In *Johnson,* the beneficiaries and the original trusts filed suit against FEMCO and Mr. Befumo alleging breach of fiduciary duty. The trial court found against FEMCO and Mr. Befumo, removed them as trustees and declared the transfer of trust assets from the original trusts to the new trust null and void. In the present case, the beneficiaries and the original trusts filed suit against FEMCO, Mr. Befumo and other parties seeking an order setting aside the conveyance of trust assets by Mr. Befumo to Clamp and fees and costs incurred in bringing the action. The trial court set aside the conveyances and ordered Mr. Befumo to pay to the original trusts the $35,000 in attorney fees he collected from them. Clearly, the two actions involved different parties, causes of action and issues. The trial court correctly concluded the claims and issues in the present case were not barred by the doctrines of *res judicata* or *collateral estoppel.*

### b. Denial of Right to Fair Trial

[¶ 31] Mr. Befumo also claims he was denied the right to a fair trial when the district court conducted the trial without allowing him time to answer, in violation of W.R.C.P. 12, or conduct discovery, in violation of W.R.C.P. 26 through 33. Other than citing the rules and article 1, § 7 of the Wyoming Constitution and arguing generally that he was the last to be served and was required to proceed to trial with no time to prepare, Mr. Befumo provides no argument or authority for his assertion.

[¶ 32] The record reveals that the original trusts and beneficiaries filed their complaint in this matter on October 17, 2003. On February 23, 2004, they filed a precipe for summons requesting the trial court to issue a summons for Mr. Befumo in Montana. No affidavit or certificate appears in the record showing when Mr. Befumo was served. However, on March 3, 2004, Mr. Befumo filed an opposition to the motion for temporary restraining order in which he asserted he was served with the complaint on February 27, 2004, and was not given ten days notice of the March 4, 2004, hearing on the motion for temporary restraining order as required by W.R.C.P 6(c)(1). It is not apparent from the record whether Mr. Befumo appeared at the March 4, 2004, hearing. It is clear, however, that the March 4, 2004, hearing resulted in the entry of an order temporarily restraining the parties from removing items from the trust property until final adjudication of the claims. Mr. Befumo did not and does not now allege how entry of the temporary order harmed or prejudiced him. In its temporary restraining order, the trial court set the case for trial on May 10, 2004.

[¶ 33] Thereafter, on March 30, 2004, Mr. Befumo served his motion to dismiss, contending as he does on appeal that the claims against him were barred by the doctrines of res judicata and collateral estoppel. With his motion, he filed a request for hearing by telephone or, in the alternative, a ruling from the trial court based upon the parties' written memoranda. The trial court entered an order setting a hearing for May 10, 2004, prior to commencement of trial, and allowing Mr. Befumo to appear by telephone. Mr.

Befumo does not contend he did not have a full opportunity to present argument on his motion at the hearing. When the trial court denied his motion, Mr. Befumo terminated his participation in the proceedings and did not appear at the trial even by telephone. Because no transcript of the hearing is presented, we do not know why Mr. Befumo terminated his participation nor do we know whether he requested a continuance of the trial date or took any action to obtain an extension. No written request for continuance or extension of time appears in the record.

[¶ 34] As discussed previously in this decision, the evidence remained open after the May 10 and 11, 2004, trial dates. Although the trial court served Mr. Befumo with notice that the trial had not concluded and another day of trial was scheduled for May 28, 2004, Mr. Befumo apparently did nothing. When the original trusts and beneficiaries sought to take his trial deposition on May 24, 2004, for purposes of the May 28, 2004, trial pursuant to an order of the Fourth Judicial District Court, Missoula County, Montana, Mr. Befumo did not show up. He also did not appear at the continuation of the trial on May 28, 2004. Mr. Befumo did file an answer to the complaint on June 1, 2004, 22 days after the trial court denied his motion to dismiss. His answer reveals nothing about what defenses he might have presented at trial other than his claims of res judicata and collateral estoppel. Mr. Befumo did not appear for oral argument before this Court.

[¶ 35] W.R.C.P. 12(a)(1) requires the defendant to serve an answer within ten days after the denial of a motion to dismiss. Mr. Befumo, therefore, was required to serve his answer on May 20, 2004. Although he failed to do so until May 27, 2004, the late filing is not the issue before us. The question we must decide is whether by proceeding with the trial on May 10, 2004, before Mr. Befumo filed his answer the trial court denied him the right to a fair trial.

[¶ 36] There is no question that under ordinary circumstances it is preferable for litigation to proceed in an orderly fashion, from filing of the complaint, to filing of W.R.C.P. 12(b)(6) motions, if any, to filing of

an answer upon the denial of any such motions, to discovery, to trial, to judgment. However, the circumstances in this case were far from ordinary. This was the second of two district court proceedings involving some of the same parties and similar issues arising out of some of the same facts. Mr. Befumo, who chose to appear *pro se* throughout, was intimately involved in the first proceeding and the evidence and issues in that proceeding were substantially related to those in this second proceeding. By the time Mr. Befumo was served with the complaint in this case, the parties to the first proceeding, including Mr. Befumo, had made their way through the litigation process, including discovery, trial and the entry of final judgment, and the case was on appeal to this Court. The issues presented in this case were not new or unknown to Mr. Befumo. Had he chosen to do so, Mr. Befumo reasonably could have requested a continuance or remained on the telephone after the denial of his motion to dismiss and participated in the May 10, 2004, trial. Mr. Befumo also could have made himself available as he was ordered to do and defended himself at the deposition scheduled for May 24, 2004. He likewise could have appeared and presented a defense at the continuation of trial on May 28, 2004.

[¶ 37] Instead, except for serving an answer on May 27, 2004, and filing an appeal after the trial court entered its final judgment, Mr. Befumo chose to terminate his involvement after the denial of his motion on May 10, 2004. In presenting his argument to this court, Mr. Befumo does not allege that he objected to, sought a continuance of or took any other action to obtain a delay of the May 10, 2004, trial date. There is no indication he made any efforts to undertake discovery in the two and a half months that passed between service of the complaint and the trial date nor does the record suggest he sought an extension of time to pursue discovery. He chose not to participate in the trial on May 10, 2004, the court ordered deposition on May 24, 2004, or the trial on May 28, 2004. There is no indication Mr. Befumo sought relief from the judgment after the trial was concluded and the trial court entered final judgment. Mr. Befumo also does not indicate what evidence he would have presented had he participated in the trial or how the result might have been different if he had answered prior to trial. Under these particular circumstances, we conclude the fact that the trial went forth before Mr. Befumo filed his answer did not deprive him of a fair trial.

### c. *Award of Damages*

[¶ 38] Mr. Befumo claims the district court erred in awarding damages that were not requested in the complaint or supported by the evidence. Among other relief requested in their complaint, the original trusts requested damages, costs and fees associated with bringing the action and such other relief as the trial court deemed proper. At trial, they presented evidence by way of Mr. Befumo's testimony from *Johnson* that Mr. Befumo collected $35,000 in attorney's fees from the original trusts, although he was not licensed to practice law. We find no error in the trial court's award.

[¶ 39]   Affirmed.