2006 WY 63

In the Matter of the Worker's Compensation Claim of STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellant (Objector/Defendant/Respondent),

v.

Robert C. MADELEY, Appellee (Employee/Claimant/Petitioner).

No. 05–167.

Supreme Court of Wyoming.

May 19, 2006.

Patrick J. Crank, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; Kristi M. Radosevich, Assistant Attorney General, for appellant.

Christopher S. Leigh, Jackson, Wyoming, for appellee.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Robert Madeley (Madeley) suffered a compensable injury and was awarded temporary total disability benefits. After receiving a permanent partial impairment award, Madeley applied for permanent partial disability benefits based on loss of earning capacity. The Wyoming Workers' Compensation Division (Division) denied benefits. After a contested case hearing, the denial of benefits was upheld. The district court, reviewing the case on the merits, reversed the hearing officer's decision and awarded benefits. The Division now appeals to this Court. We find that the Order denying benefits is facially insufficient to permit ap-

pellate review. We therefore reverse the district court's decision and remand with directions to vacate the Order denying benefits. The district court is directed to remand the case for supplemental findings of fact and conclusions of law or other proceeding consistent with this opinion.

## ISSUES

[¶ 2]   The Division presents two issues for our review:

I.   Whether the hearing examiner's decision that Madeley failed to prove he is entitled to permanent partial disability benefits was arbitrary or capricious[.]

II.   Whether the hearing examiner's decision that Madeley's loss of earning capacity is attributable to a non-work related cardiac condition, and also due to economic factors, is in accordance with law[.]

## FACTS

[¶ 3]   On November 10, 1999,[1] Madeley suffered a work-related injury to his back, arms and hands while employed as a carpenter through Jackson Temporary Services. In December 1999, Madeley underwent surgery for bilateral carpal tunnel release. He was released to full, unrestricted employment on June 7, 2000.[2]

[¶ 4]   In July 2000, Madeley reported to his treating physician that he was dropping objects. A functional capacity evaluation completed in September 2000 concluded that Madeley was capable of performing only light duty work. On February 2, 2001, Madeley was assessed with a 3% whole person permanent impairment and restricted from repetitive working above shoulder level, repetitive strong grasping, repetitive lifting over 25 pounds and lifting greater than 50 pounds. Madeley disputed the 3% impairment rating and a second evaluation was conducted, which resulted in a 4% whole person impairment. In September 2001, Madeley received the 4% impairment benefit

award. At some later time, Madeley submitted to the Division an Employment Plan which he had completed for the Utah Department of Workforce Services. The document indicated that he had recently worked as a flagger, but was no longer able to do flagging activities because of a heart attack he suffered in September 2001.

[¶ 5]   Madeley filed an application for permanent partial disability (PPD) benefits in March 2002. The Division issued a Final Determination denying Madeley's application for PPD benefits on the grounds that Madeley had not actively sought suitable employment and that his employment restrictions were due to his coronary condition, which was not compensable. Madeley objected to the denial of benefits, and a contested case hearing was held on May 12, 2003. Both parties presented evidence during the hearing. In an order issued on August 16, 2003, the hearing officer upheld the denial of PPD benefits. The hearing officer ultimately concluded that Madeley's inability to retain employment was due to a non-compensable heart condition and the economic conditions in Teton County, Wyoming. Madeley appealed to the district court, which reviewed the hearing officer's decision on the merits and reversed. This appeal by the Division followed.

## STANDARD OF REVIEW

[¶ 6]   When reviewing an administrative agency order, we review the case as if it came directly from the administrative agency, affording no deference to the district court's decision. *Hicks v. State ex rel. Wyoming Workers' Safety and Comp. Div.*, 2005 WY 11, ¶ 16, 105 P.3d 462, 469 (Wyo.2005). The scope of our review of an administrative agency decision is governed by Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2005), which provides:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions

---

1.   In his Order, the hearing officer identified the year as 1998. Reading the rest of the Order, it is apparent that this is a typographical error. Other similar errors appear throughout the Order, of which we will not take further cognizance.

2.   While not in the Order, we note in passing that the record reflects that Madeley was awarded temporary total disability benefits.

of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

[¶ 7] When both parties submit evidence in a contested case proceeding, we apply the substantial evidence test:

In reviewing findings of fact, we examine the entire record to determine whether there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. It is more than a scintilla of evidence.

*Cramer v. State ex rel. Wyoming Workers' Safety and Comp. Div.*, 2005 WY 124, ¶ 10, 120 P.3d 668, 671 (Wyo.2005); *see also Newman v. State ex rel. Wyoming Workers' Safety and Comp. Div.*, 2002 WY 91, ¶ 12, 49 P.3d 163, 168 (Wyo.2002).

[¶ 8] Even if sufficient evidence is found to support the agency's decision under the substantial evidence test, this Court is also required to apply the arbitrary-and-capricious standard as a "safety net" to catch other agency action which might have violated the Wyoming Administrative Procedures Act. *Decker v. Wyoming Medical Comm'n*, 2005 WY 160, ¶ 24, 124 P.3d 686, 694 (Wyo. 2005). "Under the umbrella of arbitrary and capricious actions would fall potential mistakes such as inconsistent or incomplete findings of fact or any violation of due process." *Id.* (quoting *Padilla v. State ex rel. Wyoming Workers' Safety and Comp. Div.*, 2004 WY 10, ¶ 6, 84 P.3d 960, 962 (Wyo.2004)).

## DISCUSSION

[¶ 9] The parties squabble over whether or not the hearing officer's decision was supported by substantial evidence and was in accordance with law. We need not decide the merits of the parties' arguments because we find that the hearing officer's findings of fact and conclusions of law are insufficient to permit an adequate judicial review of the Order denying benefits.

[¶ 10] A hearing officer must "make findings of basic facts upon all of the material issues in the proceeding and upon which its ultimate findings of fact or conclusions are based. Unless that is done there is no rational basis for judicial review.

* * * *

All of the material evidence offered by the parties must be carefully weighed by the agency as the trier of the facts; conflicts in the evidence must be resolved, and the underlying basic facts which prompt the ultimate conclusion on issues of fact drawn by the agency in sustaining the prima facie case made, or in rejecting it for the reason it has been satisfactorily met or rebutted by countervailing evidence, must be sufficiently set forth in the decision rendered."

*Decker*, ¶ 27, 124 P.3d at 695 (quoting *Bush v. State ex rel. Wyoming Workers' Comp. Div.*, 2005 WY 120, ¶ 9, 120 P.3d 176, 180 (Wyo.2005)). Simply put, a hearing officer must do more than state an ultimate fact or

conclusion; he must thoroughly explain each ultimate fact or conclusion in order for an appellate court to determine upon what basis each ultimate fact or conclusion was reached. *Billings v. Wyoming Bd. of Outfitters and Guides,* 2001 WY 81, ¶ 13, 30 P.3d 557, 565 (Wyo.2001).

[¶ 11] In the instant case, the hearing officer failed to provide a sufficient explanation as to why he denied benefits. For instance, aside from the minimal relevant facts set forth above, the Order simply contains a generic discussion of law the hearing officer deemed applicable. Nowhere in the Order is an attempt by the hearing officer to apply his generic discussion of law to relevant facts. Indeed, after finishing his generic, disjointed recitation of law, the hearing officer simply offers the following two statements:

14. The evidence submitted to the Office indicates that the Employee's inability to retain employment was due primarily to a heart condition and not a compensable injury.

15. The evidence submitted to the Office indicates also that the Employee's inability to find work is due to a large extent to economic conditions in the Teton County, Wyoming area.

Immediately following these statements, and without any further explanation, is:

### Order

**IT IS HEREBY ORDERED** that any and all claims for permanent partial disability benefits by the Employee/Claimant be, and hereby are, denied and this matter is returned to the Wyoming Workers' Safety and Compensation Division.

Because of the proximity to the clause ordering the denial of benefits, we can only conclude that the above-quoted two statements constitute the ultimate basis for the hearing officer's decision. However, we are unable to find any support in the Order for these two statements.

[¶ 12] The hearing officer's first statement is that the evidence "indicates that [Madeley's] inability to retain employment was due primarily to a heart condition." Absent from the Order is any explanation concerning the employment opportunities denied Madeley because of his heart condition versus his compensable injury. There is only one job referenced in the Order which Madeley was not able to retain because of his heart condition—his job as a construction flagger. There is no mention of any other position or even any field of employment which Madeley is incapable of performing due to his heart condition. We fail to see how a reference to one job equates to the hearing officer's global finding that Madeley's coronary condition is the primary reason he cannot find work. Further aggravating the situation is the obvious omission of the type of jobs Madeley is qualified for but cannot perform because of his compensable injury. In the absence of such information we have no way to compare the two physical conditions and their impact on Madeley's employment prospects. Given the lack of factual findings in the Order, we cannot evaluate the hearing officer's reasoning behind this first statement.

[¶ 13] The hearing officer's second statement is that Madeley's "inability to find work is due to a large extent to economic conditions in the Teton County, Wyoming area." This statement is likewise unsupported. The Order contains no information regarding general economic conditions in the Teton County area. The Order also fails to set forth any information concerning specific economic conditions which impacted Madeley's search for employment. The Order only states that the same company that employed Madeley as a flagger would hire him as a traffic control supervisor, but that no such positions were available at the time. Exactly how the unavailability of a specific job at a specific company reflects the economic conditions of the entire Teton County area is not explained. The failure of the hearing officer to present any findings of basic facts to support this statement precludes this Court from finding a rational basis for judicial review.[3]

---

3. Also preventing rational review of the Order is the complete absence of any findings regarding credibility, the weight accorded the evidence, and the eligibility requirements for PPD benefits as set forth in Wyo. Stat. Ann. § 27–14–405(h) (LexisNexis 2005).

## CONCLUSION

[¶ 14] The hearing officer's findings of facts and conclusions are wholly inadequate to permit effective appellate review of the Order denying benefits. The district court had before it insufficient information by which it could review the merits of the hearing officer's determination and, consequently, its decision is reversed. We remand this case to the district court with directions to vacate the Order denying Madeley benefits for partial permanent disability. The district court is directed to remand the case for supplemental findings of fact and conclusions of law or other proceedings consistent with this opinion.

HILL, Chief Justice, dissenting.

[¶ 15] I respectfully dissent because I do not agree that the hearing examiner's order denying benefits is so insufficient as to preclude appellate review. It is my conclusion that the findings made by the hearing examiner are, in some respects, in error but are sufficient given the record in this case. It is also my view that the district. court was correct in reversing the hearing examiner's order and directing that the Division award benefits. However, there is a threshold question with respect to the completeness. of the record on appeal that, I believe, requires us to summarily affirm the district court's order.

[¶ 16] It is the appellant's burden to bring a complete record to this Court. Where a proper record is not provided, an appeal may be dismissed or review may be limited to those issues not requiring inspection of the record. *Befumo v. Johnson*, 2005 WY 114, ¶ 16, 119 P.3d 936, 942 (Wyo.2005). Although that rule is more often applied in appeals coming directly to this Court from a trial court, there is no reason that it should not apply equally in these circumstances where the appeal comes to us from a district court sitting as an intermediate court of appeals. The entire record was before the district court for its consideration. However, when the Division filed its designation of record in this case, it chose to designate mainly those portions of the record which were favorable to its position in this appeal. Resolution of the issues raised in this appeal requires that we have before us the complete agency record. For this reason, I would summarily affirm the district court's order.