DA 06-0718

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 214N

CRAIG A. JOHNSON, BEVERLY TOURVILLE,
ROBERT WILKOSKE TRUST, NONA WILKOSKE
TRUST, MITCHELL E. OSBORN, Trustee,

        Plaintiffs and Respondents,

    v.

FIRST ESTATE MANAGEMENT CORPORATION,
a Montana Corporation, PAUL BEFUMO, JACK
SIKORSKI, DAVID TREFREN TRUST, and
CLAMP HOLDINGS,

        Defendants and Appellants.


APPEAL FROM:    District Court of the Fourth Judicial District,
                In and For the County of Missoula, Cause No. DV 2006-568
                Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Paul Befumo, (Pro Se), Missoula, Montana

        For Respondent:

            Edward A. Murphy, Datsopolos, MacDonald & Lind, P.C.,
            Missoula, Montana


                        Submitted on Briefs:  August 1, 2007

                                Decided:  August 28, 2007

Filed:

            _____
                          Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, the Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Paul Befumo ("Befumo"), appearing *pro se*, appeals from the order of the District Court for the Fourth Judicial District, Missoula County, Montana ("Montana District Court") denying his Motion for Non-Recognition of Judgment. This motion was directed at a judgment entered June 15, 2004, in the District Court for the First Judicial District, Laramie County, Wyoming ("Wyoming District Court") and sought to be enforced in Montana.

¶3 At the outset, we observe that Befumo makes a number of arguments pertaining to the underlying basis for the judgment entered by the Wyoming District Court; however, he has not provided us with a record of the proceedings in that court, nor has he provided us with a record from his appeal to the Wyoming Supreme Court. (Notably, the record before the Wyoming Supreme Court was likewise incomplete. *See Befumo v. Johnson*, 2005 WY 114, ¶ 33, 119 P.3d 936, ¶ 33.) Accordingly, the facts set forth below are drawn from the parties' briefs and the Judgment and Order on Bench Trial entered by the Wyoming District Court.

¶4 On October 17, 2003, the beneficiaries for the Robert Wilkoske Trust and the Nona Wilkoske Trust ("the Beneficiaries") filed an action in the Wyoming District Court

to quiet title to a piece of real property referred to as the "missile site." Befumo was named as a defendant in part because he had collected $35,000 in attorney's fees in an earlier transaction involving the Beneficiaries, although he was not licensed to practice law.

¶5      Befumo, appearing *pro se*, filed a motion to dismiss. He argued that the claims asserted by the Beneficiaries against him were barred by the doctrines of res judicata and collateral estoppel. On May 10, 2004, the Wyoming District Court denied the motion to dismiss and set the case for trial. After the court denied the motion, Befumo apparently terminated his participation in the proceedings. On May 28, 2004, the court held a bench trial and on June 15, 2004, issued its Judgment and Order on Bench Trial. Among other things, the court entered judgment against Befumo in the amount of $35,000.

¶6      Befumo appealed to the Wyoming Supreme Court, which affirmed the Wyoming District Court's judgment. With respect to Befumo's argument that he did not receive a fair trial, the Wyoming Supreme Court observed that for unknown reasons he had terminated his participation in the proceedings in the Wyoming District Court after that court denied his motion to dismiss, that he had failed to appear for his deposition in Missoula, Montana, that he had failed to appear at the bench trial in the Wyoming District Court, even by telephone, and that he had failed to appear for oral argument before the Wyoming Supreme Court. *See Befumo*, ¶¶ 33-34.

¶7      The Beneficiaries thereafter docketed the judgment of the Wyoming District Court in the Montana District Court, pursuant to the Uniform Enforcement of Foreign Judgments Act ("the UEFJA"), §§ 25-9-501 to -508, MCA. Befumo filed a Motion for

Non-Recognition of Judgment, which the Montana District Court denied on the grounds that Befumo had been afforded due process in the Wyoming courts and that the arguments raised by Befumo had already been considered and decided by the Wyoming courts.

¶8 On appeal, Befumo argues that the Wyoming District Court did not adequately consider his argument in his motion to dismiss that the doctrines of res judicata and collateral estoppel barred the Beneficiaries' action against him. He also contends that the court disregarded certain procedural due process requirements—e.g., the court proceeded with the trial before Befumo had filed his answer to the complaint. Accordingly, Befumo maintains that the courts of Montana are not bound to honor the judgment of the Wyoming District Court under the Full Faith and Credit Clause of the United States Constitution because "that judgment, on its face, indicates that the [Wyoming District Court] did not fully and fairly consider the issues involved, and violated the due process requirements of both the Montana and U.S. Constitutions."

¶9 In response, the Beneficiaries point out that Befumo brought his claims regarding res judicata and collateral estoppel in the Wyoming District Court, that the court ruled against him, and that the Wyoming Supreme Court affirmed. They maintain that Befumo may not relitigate these issues in the Montana District Court. Furthermore, the Beneficiaries assert that "[n]o evidence was submitted to the Montana District Court to support a finding that the procedures followed in Wyoming were unfair" and that "a review of the Wyoming Supreme Court opinion in this case makes clear that the procedures were fair." They also note that Befumo had notice and an opportunity to be

4

heard. Accordingly, the Beneficiaries argue that the judgment of the Wyoming District Court should be enforced.

¶10 We agree with the Beneficiaries. "The U.S. Supreme Court has held that the full faith and credit obligation owed to final judgments is exacting. A final judgment rendered by a state court is entitled to full faith and credit in the courts of its sister states." *Carr v. Bett*, 1998 MT 266, ¶ 39, 291 Mont. 326, ¶ 39, 970 P.2d 1017, ¶ 39. The UEFJA, §§ 25-9-501 to -508, MCA, was enacted to implement the Full Faith and Credit Clause of the United States Constitution. *Carr*, ¶ 41. It "provides the procedural framework for enforcing foreign judgments in the states that have enacted it." *Carr*, ¶ 41. In *Carr*, we noted that a party seeking to reopen or vacate a foreign judgment filed in Montana may do so on the ground that the foreign judgment was entered in violation of due process. *Carr*, ¶ 42.

¶11 In the case at hand, however, Befumo has not offered any evidentiary basis for his assertion that he was denied due process of law. Indeed, as noted above, he has not provided us with the record underlying the judgment that he seeks to nullify. Nor has he established a legal basis for refusing to enforce the judgment of the Wyoming District Court. Rather, Befumo has come forward with only conclusory assertions that the judgment of the Wyoming District Court was entered in violation of due process and, thus, should not be enforced. Accordingly, on the record before us, the judgment of the Wyoming District Court is entitled to full faith and credit in Montana. Therefore, we hold that the District Court did not err in denying Befumo's Motion for Non-Recognition of Judgment.

¶12 Having reviewed the record in this matter, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 internal operating rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that Befumo's appeal is without merit. The legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted.

¶13 Accordingly, the Opinion and Order of the Montana District Court is affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS